### STANLEY MAI *et al.*

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1906.*

1. CRIMINAL LAW—*crimes of arson and of burning property to defraud insurer are distinct.* The crime of arson and the crime of maliciously burning property with intent to defraud an insurance company, as defined in section 14 of division 1 of the Criminal Code, are entirely distinct.

2. SAME—*intent is essential ingredient of crime of burning property to injure insurer.* An intent to injure the insurer is an essential ingredient of the crime defined by section 14 of division 1 of the Criminal Code, and such crime may be committed by burning personal property as well as buildings and one's own property as well as another's, whereas arson requires no intent to injure or defraud and relates to property owned by others.

3. SAME—*when verdict and judgment of conviction are erroneous.* Where an indictment is predicated entirely upon section 14 of division 1 of the Criminal Code and charges the burning of personal property with intent to defraud the insurer thereof, it is error for the verdict and judgment to find the defendant guilty "of *arson* with

intent to defraud the insurance company in manner and form as charged in the indictment."

4. SAME—*verdict should be responsive to the issues.* A plea of not guilty to an indictment for burning personal property with intent to injure the insurer puts in issue all the essential ingredients of the statutory offense charged, and a verdict of conviction should be responsive to the issues presented.

5. SAME—*when words of verdict cannot be rejected on writ of error.* Where the jury have found the defendants guilty "of arson with intent to defraud the insurance company as charged in the indictment," and the trial court has pronounced judgment in accordance with the verdict, a court of review cannot strike out the words "of arson," so as to leave a general verdict of guilty, which might be aided by reference to the indictment.

6. SAME—*when instructions are misleading.* Upon the trial of persons charged with burning personal property with intent to injure the insurer, instructions are misleading which authorize a conviction if the jury believe, beyond reasonable doubt, that defendants set fire to or caused to be set on fire "the building known as 187 Cornell street," with intent to defraud the insurer.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

FRANK T. HUENING, for plaintiffs in error

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (FLETCHER DOBYNS, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiffs in error were convicted in the criminal court of Cook county under an indictment charging them with unlawfully, willfully and maliciously burning certain saloon fixtures, household furniture and other goods and chattels with an intent to injure the Royal Insurance Company of Liverpool, England. The indictment consisted of four counts, each count of which charged plaintiffs in error with burning personal property with an intent to injure the insurer, and is predicated in its entirety upon paragraph 48, page 1237,

Starr & Curtis' Annotated Statutes of Illinois, which reads as follows: "Whoever willfully and maliciously burns or sets fire to, or causes to be burned or set on fire any building, or any goods, wares, merchandise or other chattels which are at the time insured against loss by fire, with intent to injure the insurer, whether such person is the owner of the property burned or not, shall be imprisoned in the penitentiary not less than one nor more than ten years."

Plaintiffs in error were tried jointly, and the jury returned a separate verdict as to each plaintiff in error, in the following form: "We, the jury, find the defendant, Stanley Mai, guilty of arson with intent to defraud the insurance company in manner and form as charged in the indictment." The verdict as to Stanley Kolita was in the same form except the name Kolita was inserted instead of Mai. Motions for a new trial and in arrest of judgment were overruled and plaintiffs in error were sentenced to an indeterminate imprisonment in the penitentiary.

While the bill of exceptions shows that both the plaintiffs in error were sentenced to imprisonment in the penitentiary, the record shows that the judgment of the court was against Stanley Mai alone. There is no judgment against Kolita. The judgment against Mai contains the following order: "Therefore it is ordered and adjudged by the court that the said defendant, Stanley Mai, be and he hereby is sentenced to the penitentiary of this State at Joliet for the crime of arson to defraud insurance company, whereof he stands convicted; and it is further ordered and adjudged that the said defendant, Stanley Mai, be taken from the bar of the court to the common jail of Cook county, and from thence by the sheriff of Cook county to the penitentiary of this State at Joliet, and be delivered to the warden or keeper of said penitentiary, and the said warden or keeper is hereby required and commanded to take the body of said defendant, Stanley Mai, and confine him in said penitentiary, in safe and secure custody, from and after the delivery thereof until

discharged by the State Board of Pardons, as authorized and directed by law, provided such term of imprisonment in said penitentiary shall not exceed the maximum term for the crime for which the said defendant was convicted and sentenced."

It will be observed that the judgment of the court follows the verdict, and that Mai is sentenced to the penitentiary for the crime of "arson to defraud insurance company, whereof he stands convicted." The offense set out in each count of the indictment and defined by the statute under which the indictment was drawn is a different offense from arson, either under the common law or under our statute, both in respect to the essential elements that constitute the offense and the punishment to be inflicted for its commission. Arson, which is a felony at common law, is defined to be "the unlawful and malicious burning the house of another." (2 Am. & Eng. Ency. of Law,—2d ed.—p. 917.) It will be noted from the foregoing definition that the common law offense of arson does not include an intent to injure or defraud as an essential element of the offense, and the law appears to be well settled that in the absence of a statute no particular intent to injure or defraud need be alleged or proven, but when the statute makes such intent an ingredient of the offense it must be alleged and proved as charged. (2 Am. & Eng. Ency. of Law,—2d ed.—p. 921; State v. McCarter, 98 N. C. 697.) Paragraph 47, Starr & Curtis' Annotated Statutes, page 1237, defines the offense of arson as it existed at common law. The only perceivable difference between arson under our statute and under the common law is, that our statute extends the offense to certain structures which at common law were not included in the term "building" or "house." Under the statute the offense of arson is committed by the willful and malicious burning of any of the structures enumerated in paragraph 47, without alleging or proving a specific intent to injure or defraud. The offense for which the plaintiffs in error were indicted consists in the willful and

malicious burning of goods, wares, merchandise or other chattels which are at the time insured against loss by fire, with the specific intent to injure the insurer, and under the statute creating this offense the intent is the controlling element of the offense and must be alleged and proven. (*McDonald* v. *People*, 47 Ill. 533; *Staaden* v. *People*, 82 id. 432.) The differences between this offense and arson are: (1) It may be committed on personal property; (2) it may be committed upon one's own property; (3) it must be committed on property which at the time is insured against loss by fire, but not necessarily under a valid policy; (4) it must be committed with the specific intent to injure the insurer; (5) the punishment is imprisonment in the penitentiary not less than one nor more than ten years, whereas arson is punished, under our statute, by imprisonment in the penitentiary not less than one nor more than twenty years.

The plea of not guilty interposed to the indictment in the case at bar put in issue all the essential ingredients that enter into the statutory offense with which plaintiffs in error were charged, and the verdict of the jury ought to have been responsive to the issues presented for trial. By reference to the verdict above set out it will be seen that the jury found plaintiffs in error guilty of *arson* with intent to defraud the insurance company, and, as we have already shown, the judgment of the court followed the verdict rendered against Mai and sentenced him to imprisonment in the penitentiary for the crime of "arson to defraud insurance company, whereof he stands convicted." If we give the word "arson," where it occurs in the verdict and judgment of the court, its usual and ordinary meaning, the plaintiffs in error were convicted and one of them sentenced to the penitentiary for an offense entirely distinct from the offense charged in the indictment and for which they were tried.

It is contended by the defendant in error that the word "arson" was used by the jury in the verdict for the word "burning," and that under the liberal rules of construction

that are applied to verdicts the word "arson" should be rejected and the word "burning" substituted therefor. But even if we felt warranted in adopting this argument it would not help the difficulty, as will be seen by reading the verdict with a substitution of the word "burning" in place of the word "arson" where it occurs in the verdict. The verdict would be much clearer and more formal if the words "of arson" were stricken out entirely. Then the verdict would stand as a general verdict of guilty of intent to defraud the insurance company in manner and form as charged in the indictment. A general verdict of guilty is sufficiently certain without specifying any particular offense, by reference to the indictment or otherwise, when all the counts in the indictment charge the same offense or offenses of the same grade and punishment. (*Armstrong* v. *People,* 37 Ill. 459; *Bond* v. *People,* 39 id. 26.) Such a verdict can be aided by reference to the indictment and will be held to apply to the offense charged. But in the case at bar the jury have found plaintiffs in error guilty and have specified in the verdict the offense of which they found them guilty. Now, if the words "of arson" be stricken from the verdict and it be regarded as a general verdict of guilty as charged in the indictment, the effect would be to make a new verdict and apply it to the offense charged in the indictment. While the court below had the undoubted right to have corrected the verdict and put it in proper form in the presence of the jury, or to have sent the jury back for further deliberations that a proper verdict might be formulated, neither of these courses was pursued, but, on the contrary, the court received the verdict, discharged the jury and sentenced the prisoners in accordance with the verdict, for the offense whereof they had been convicted. In this action of the court there is manifest and prejudicial error.

Complaint is made of instructions 3 and 4 given at the instance of the defendant in error, both of which told the jury that if they believed, beyond a reasonable doubt, that

the defendants set fire to, or caused to be set on fire, the building known as 187 Cornell street with intent to defraud the insurer, the jury should find the defendants guilty. The instructions were erroneous and misleading. The plaintiffs in error, as we have already seen, were not being tried for burning a building with intent to defraud the insurer, but were charged with willfully and maliciously burning personal property. The instructions tended to divert the minds of the jury from the real issue that was being tried, and may have had the effect of leading the jury to suppose that they were trying plaintiffs in error for maliciously burning a building. When, as is the case with the instructions under consideration, the conclusion directs the jury to convict, the instruction should contain a statement of all the essential facts upon which a conviction can be sustained. Both of the instructions omit any reference to the burning of the personal property charged in the indictment, nor is it stated that the building was fired with intention to burn the personal property therein.

Exceptions were noted to the rulings of the court in the admission and rejection of evidence, and also exceptions were taken to some remarks made by the learned trial judge in passing on objections to testimony. So far as the rulings of the court in the admission or exclusion of evidence are concerned, we do not think that the errors, if any, were of such a character as to require a reversal, and since the judgment must be reversed and the cause remanded for a new trial, at which it is assumed that any objectionable remarks of the court will not be repeated, it is not necessary to discuss the assignment of error in this regard.

For the errors indicated the judgment is reversed and the cause remanded.                    *Reversed and remanded.*