SAMUEL J. ELGIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 18, 1907.*

CRIMINAL LAW—*crime of burning property to defraud insurer is distinct from arson.* One indicted under section 14 of division 1 of the Criminal Code for burning property with intent to defraud the insurer cannot be convicted of arson, as the two crimes are entirely distinct. (*Mai* v. *People*, 224 Ill. 414, followed.)

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. R. S. FARRAND, Judge, presiding.

FRANC BACON, for plaintiff in error.

W. H. STEAD, Attorney General, and S. W. CROWELL, State's Attorney, (W. J. EMERSON, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Ogle county under an indictment charging him with unlawfully, willfully and maliciously setting fire to and burning a creamery, and the goods therein, with intent to injure and defraud certain insurance companies. The indictment consisted of seventeen counts. Eight of them were quashed, on motion. Each of the nine upon which plaintiff in error was tried either charged him with feloniously setting fire to and burning the creamery and property or with causing the same to be done, and each was based entirely upon section 14 of division 1 of the Criminal Code. (Hurd's Stat. 1905, p. 669.) The verdict of the jury read: "We, the jury, find the defendant, Samuel J. Elgin, guilty of *arson*, in manner and form as charged in the indictment, and we find his age to be forty-five years." The judgment of the court fol-

lowed the verdict, finding that the defendant was guilty "of the crime of *arson*," etc.

The fifth instruction given for the People was as follows:

"The court instructs the jury that whoever willfully and maliciously burns or sets fire to, or causes to be burned or set on fire, any building, or any goods, wares, merchandise or other chattels which are at the time insured against loss by fire, with intent to injure the insurer, whether such person is the owner of the property burned or not, is guilty of the crime of *arson*."

In *Mai* v. *People*, 224 Ill. 414, we held that the crime of arson and the crime of maliciously burning property with intent to defraud an insurance company, as defined in section 14, heretofore referred to, were entirely distinct offenses. Our conclusions in that case must control here. In the *Mai case, supra,* the verdict and judgment contained a reference to the statute for defrauding insurance companies, and there was some basis to argue that the word "arson" might be stricken out as surplusage, but here no such argument can be made. The statute on crimes of this character has been revised since the decision in *McDonald* v. *People,* 47 Ill. 533, cited and relied on by defendant in error, and that decision, as well as *Creed* v. *People,* 81 Ill. 565, supports the conclusion of the *Mai case, supra.*

As the cause must be remanded for a new trial, the other questions discussed in the briefs require no consideration.

For the errors indicated in giving said instruction 5 and in the form of the verdict and judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*