THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM E. PETERS, Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. CRIMINAL LAW—*when People need not make an election.* In a prosecution for falsifying a jail calendar, which the bill of particulars charges consisted in the false entry of eighteen names of persons not committed to the jail, if there is no charge that the entries were made at different times and no proof that they were so made, the prosecution is not required to make an election, but may prove, as to each name, that it was entered in the handwriting of the accused and that the person named was not committed to jail within the period stated in the entry, even though the entries are on different pages of the calendar and under different dates.

2. SAME—*when alleged incompetent testimony as to handwriting will not reverse.* The fact that a large part of the testimony of two witnesses as to the handwriting of the defendant in a prosecution for falsifying a jail calendar may have been incompetent is not ground for reversal, where the evidence remaining, if all their testimony were stricken out, would still have required a verdict of guilty, there being one unimpeached and uncontradicted witness, the competency of whose testimony is not questioned, who testified that the false entries were in the handwriting of the defendant, who offered no evidence except to prove good character.

3. SAME—*what is not ground for disregarding testimony.* In a prosecution against a deputy sheriff for making false entries in the jail calendar, the fact that one of the witnesses, who testified that the entries charged to be false were in the defendant's handwriting, was himself a deputy sheriff and made entries in the calendar is not ground for disregarding his testimony.

241—18

4. SAME—*when defendant is not prejudiced by jury's taking alleged falsified record on retirement.* The fact that the jury, in a prosecution for making false entries in a jail record, was allowed to take the record with them on retirement without anything being done to prevent their inspection of the portions of the record not offered in evidence, and thus satisfying themselves, by comparison, that the entries were in the defendant's handwriting, is not prejudicial to the defendant, where such handwriting was established by uncontradicted evidence independent of the record.

5. SAME—*intent to falsify a public record is a criminal intent.* Instructions in a prosecution for falsifying a public record which state that even though the jury might believe, beyond a reasonable doubt, that the defendant committed the act charged, still if they had a reasonable doubt as to whether he committed the act with a criminal intent to violate a public law they should find him not guilty, are properly refused where there is no evidence on which to base them, there being nothing to indicate that if the defendant falsified the record he did not intend to do so, as the intent to falsify a public record is a criminal intent.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

JOSEPH A. WEIL, for plaintiff in error:

Each offense set forth in the bill of particulars constituted a separate transaction and complete offense. An election should therefore have been compelled as to which offense would be relied upon for a conviction. Each falsification alleged was a complete transaction in itself. Where several distinct felonies are charged against a defendant or upon trial sought to be proved, an election will be required where each such offense constitutes a separate and distinct transaction. Wharton on Crim. Pl. & Pr. (9th ed.) 202; Moore on Crim. Law, (2d ed.) 659; *Goodhue* v. *People,* 94 Ill. 51; *Kribs* v. *People,* 82 id. 426; *Jansen* v. *People,* 159 id. 404; *Bishop* v. *People,* 194 id. 369.

In criminal cases it is the court's duty, of its own motion, to give instructions limiting the effect of evidence competent only for a special purpose and likely to be misapplied by the jury, and a failure to object or except will

not cure an error in this respect. 3 Ency. of Evidence, 189; *People* v. *Rogers,* 71 Cal. 565; *State* v. *Miller,* 81 Iowa, 72; *State* v. *Marshall,* 2 Kan. App. 792; *Fueston* v. *Commonwealth,* 91 Ky. 230; *State* v. *Donaldson,* 45 La. Ann. 744.

Under the laws of this State handwriting cannot be proved by comparing an alleged signature with a genuine one. To render a witness competent to testify as to handwriting he must be acquainted with the handwriting of a person, so as to have in his mind an exemplar, so that from memory alone he can give an opinion as to whether the writing in question is in fact the handwriting of the person whose handwriting is in issue. *Riggs* v. *Powell,* 142 Ill. 456.

Even though a witness may swear that he has seen the defendant write, yet this is not sufficient unless the witness is able to distinguish the handwriting as that of the defendant according to the belief of the witness, founded on his previous knowledge of the handwriting of defendant. *Putnam* v. *Wadley,* 40 Ill. 456; *Fash* v. *Blake,* 38 id. 368.

The evidence of a witness as to whether a signature is that of a certain person, that "it looks like it," is insufficient to justify the admission of the signature for any purpose. *Fullam* v. *Rose,* 181 Pa. 138.

Papers which have been admitted in part, only, should not go to the jury in their entirety unless proper precautions are taken to prevent inspection by the jury of the parts not in evidence. In some jurisdictions instructions to the jury not to read such parts appear to be considered sufficient to prevent any prejudice, while in other jurisdictions such instructions are regarded insufficient for this purpose. 17 Am. & Eng. Ency. of Law, (2d ed.) 1243; 12 Ency. of Pl. & Pr. 597; *People* v. *Thornton,* 74 Cal. 482; *Way* v. *Arnold,* 18 Ga. 182; *Atkins* v. *State,* 16 Ark. 568; *Rich* v. *Hayes,* 97 Me. 293; *Parker* v. *State,* 43 Tex. Crim. 526; *Bates* v. *Preble,* 151 U. S. 149; *Rawson* v.

*Curtiss,* 19 Ill. 456; *Dunn* v. *People,* 172 id. 582; *Kalamazoo Co.* v. *McAllister,* 36 Mich. 327.

W. H. STEAD, Attorney General, JUNE C. SMITH, Assistant Attorney General, and ROBERT SCHOLES, State's Attorney, (A. M. OTMAN, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted of falsifying a public record and prosecutes a writ of error to reverse the judgment. The errors complained of are the refusal of the court to require the prosecution to elect upon which of several charges, claimed to be included in the bill of particulars, a conviction would be asked; the admission of incompetent evidence of handwriting; allowing the record alleged to have been falsified to be taken by the jury in their retirement in its entirety, without instruction or precaution to prevent inspection of parts not offered in evidence; and the giving and refusing of instructions.

The plaintiff in error was a deputy sheriff of Peoria county and assistant jailer. The record he was indicted for falsifying was the calendar of all persons committed to jail, required by the statute to be kept. The indictment consisted of seven counts, each charging, in general terms and varying language, that the defendant had falsified this record, without further particularity. The court, upon the motion of plaintiff in error, required the State's attorney to file a bill of particulars. The bill of particulars stated that "there were wrongfully, falsely and feloniously entered upon said jail record the names of the following persons, viz.," and here followed eighteen names, each followed by one word or more indicating the cause of commitment, and by two dates, the earliest being January 26, 1905, and the latest November 29, 1905. The bill of particulars continued with the statement that none of the persons named had been confined in or committed to the jail during the period

named. The plaintiff in error, claiming that the bill of particulars charged more than one offense, moved that the State's attorney be required to elect upon which charge he would proceed to trial. This motion was overruled, and the prosecution introduced evidence tending to show that the entry of one name was in the handwriting of the plaintiff in error and that the person named had never been confined in the jail. Thereupon, when the prosecution offered to prove the same facts in regard to another name, the plaintiff in error objected, on the ground that this was a separate offense and the prosecution should be confined to one charge. This objection was overruled, as was also a motion, made at the close of the evidence for the prosecution, to require an election.

The evidence of the falsification of the record consisted only of testimony that the entries referred to in the bill of particulars were in the handwriting of the plaintiff in error and that the persons named were not confined in the jail. There was no evidence as to when, how or under what circumstances the entries were made, or whether they were made at the same time or at different times. There was no charge that they were separately made. There was no evidence that they were separately made. They were made on separate pages of the book and the dates mentioned are different, but there is no evidence that the falsification of the book was not completed by the making of all the false entries at one time. The bill of particulars did not state and the evidence did not show several offenses. There was no error in not requiring the State's attorney to elect.

It is contended that a large part of the testimony of Daniel E. Potter and George N. McClure as to the handwriting of the plaintiff in error was incompetent. If all their testimony were stricken out of the record, what remained would still have required a verdict of guilty. No question is raised as to the competency of the testimony

of Frank Ford, who testified that the entries were in the handwriting of the plaintiff in error. It is true he was a deputy sheriff and himself made entries in the book, but his testimony could not be disregarded for that reason. It was not contradicted and he was not in any way impeached. No evidence was introduced by defendant except the testimony of nine witnesses as to his good character. No other verdict than one of guilty would have been justified by the evidence.

The same answer meets the objection that the jail record was permitted to be taken by the jury. The objection is made that there was nothing to prevent the jury from comparing the handwriting of numerous other entries in other parts of the book with the ones in evidence, and from that comparison satisfying themselves that the handwriting was that of the plaintiff in error. The handwriting was established by the evidence independent of the record, so that its inspection could not be harmful to plaintiff in error.

What we have said disposes also of the objections to the instructions given to the jury. The court refused to give two instructions asked by the plaintiff in error, to the effect that though they might believe, beyond a reasonable doubt, that the defendant committed the act charged, yet if they had a reasonable doubt as to whether he committed the act with a criminal intent to violate a public law they should find him not guilty. There was no evidence on which to base these instructions. If the plaintiff in error made the false entries there was nothing to indicate he did not intend to do so. An intent to do so was a criminal intent, and there is nothing on which it could be found, from the record, that the plaintiff in error made the false entries without such criminal intent.

The judgment is affirmed.          *Judgment affirmed.*