THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISAAC BERNSTEIN, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. CRIMINAL LAW—*when prosecutor cannot be required to elect.* If two or more offenses charged in an indictment grow out of one transaction and are of such a nature that the defendant may be found guilty of both, the prosecutor will not be required to elect for which offense he will prosecute, and he will only be required to do so when the offenses charged are distinct and do not arise out of the same transaction.

2. SAME—*counts charging arson and burning goods to defraud insurance company may be joined.* Counts charging arson may be joined in the same indictment with counts charging the burning of goods to defraud an insurance company where the two offenses grow out of one and the same transaction.

3. SAME—*the trial judge must exercise discretion in examining witnesses.* While it is not ordinarily good practice for the trial judge, in a criminal case, to examine the witnesses, it may, under some circumstances, be his duty to do so, but in discharging that duty he must exercise discretion and not assume the functions of an advocate.

4. SAME—*State's attorney should rarely be permitted to cross-examine witnesses examined in chief by the court.* The practice of allowing the State's attorney to cross-examine witnesses who have been examined in chief by the court is not to be commended, and should not be indulged in unless it is shown that otherwise there may be a miscarriage of justice.

5. SAME—*court must exercise great care in expressing opinions.* Expressions of opinion by the trial judge in a criminal case are likely to have great weight with the jury, and great care must be observed by him to say nothing to the prejudice of either party.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

MAX LUSTER, (J. AMBROSE GEARON, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and W. EDGAR SAMPSON, (ROBERT E. CROWE, of counsel,) for the People.

Per CURIAM: Plaintiff in error was indicted at the · March term, 1910, of the criminal court of Cook county, on the charge of arson. The indictment contained six counts. The first three were drawn under section 13 of the Criminal Code, while the last three were under section 14. (Hurd's Stat. 1909, p. 746.) The first three, in varying form, charged him with arson in burning a building belonging to Otto Vogelman; the last three, with feloniously burning or setting fire to certain goods and chattels contained in a certain building, with intent to defraud the Continental Insurance Company. Plaintiff in error was found guilty under the second count of the indictment, and, after motions for new trial were overruled, was duly sentenced. This writ of error was thereafter sued out.

Plaintiff in error moved to quash the indictment and that the State's attorney be required to elect upon which of the counts he would prosecute. These motions were overruled. . It is now contended that the court erred in so ruling, as under the decisions of this court said two sections of the Criminal Code create separate and distinct felonies, (*Mai* v. *People,* 224 Ill. 414; *Elgin* v. *People,* 226 id. 486;) and that the accused cannot be tried for separate and distinct felonies under the same indictment. (*Kotter* v. *People,* 150 Ill. 441.) If two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of both, the prosecutor will not be required to elect for which offense charged in the indictment he will ask a conviction. He will only be required to elect when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. (*People* v. *Weil,* 243 Ill. 208; *Goodhue* v. *People,* 94 id. 37; *Schintz* v. *People,* 178 id. 320.) It is obvious from this record that the offenses charged in the different counts grew out of one and the

same transaction. The trial court, therefore, did not err in overruling said motions.

It is further urged that the evidence did not justify the conviction. Plaintiff in error occupied the first floor of the building at 3443 Sheffield avenue, Chicago,—the front part as a tailor shop and the rear as living quarters. Two days before the fire he procured $2000 insurance upon the stock of goods therein with the Continental Insurance Company of New York. The evidence tended to show that at the time he had on hand only a small amount of stock,—far less than the amount insured. The fire occurred Sunday afternoon, January 30, 1910. The day before this, plaintiff in error purchased a gallon of benzine, three pounds of venetian red and a paint brush. He testified that the night before the fire he had been painting his floor with a mixture of the benzine, venetian red and a small amount of oil from the sewing machine oil-can, working very late; that the next morning he got up late and did some work, and being tired laid down in the afternoon and went to sleep, and was waked up by being dragged out of the building by a man, who left him standing on the porch, outside; that he did not know who the man was. The evidence tends strongly to show that benzine mixed with venetian red and a small amount of machine oil will not make a paint. The firemen testified that after the fire they found a large charred space around the stove, and the stove, while it had a little fire in it, was cool, with nothing to indicate that a fire could have started from it; that there was no gas coming from any of the gas jets; that there was a furnace in the building but it had not been used for some time; that the front door of the shop was locked. One of the witnesses saw the flames coming out of the top of the front windows, and ran, with a number of other men, across the street to the building. He testified that he went around to the rear and saw plaintiff in error coming out of the back door, and that

no one else was there.  The assistant fire marshal testified that he found plaintiff in error in the bakery shop next door, sitting in the corner, mumbling to himself, apparently crying, and that the hair on one side of his head was singed; that when asked whether he had any insurance, the plaintiff in error first said he did not know, and later said he thought he had $2000 and that the value of the contents of the store and household furniture was about $500.  The plaintiff in error denies that he made this statement and claimed that the contents of the store were worth $2000. In filing his claim with the insurance company he valued the property at $2703.02.  While the evidence as to the origin of the fire was almost all, if not entirely, circumstantial, we think it justified the jury in finding plaintiff in error guilty, and we would not disturb the verdict if no errors had been committed on the trial.

It is insisted that the trial court committed reversible error in asking numerous questions of the plaintiff in error and his witnesses.  Ordinarily it is not good practice for the presiding judge himself to examine witnesses at length.  The circumstances may be such in a given case as to justify the court in so doing. (*Carle* v. *People*, 200 Ill. 494.)  This court, however, has more than once said that the examination of witnesses is the more appropriate function of counsel, and the instances are rare and the conditions exceptional which will justify the presiding judge in conducting an extensive examination.  It is always embarrassing for counsel to object to what he may deem improper questions by the court.  Then, in conducting a lengthy examination it would be almost impossible for the judge to preserve a judicial attitude.  While he is not a mere figurehead or umpire in a trial and it is his duty to see that justice is done, he will usually not find it necessary to conduct such examinations.  The extent to which this shall be done must largely be a matter of discretion, to be

determined by the circumstances of each particular case, but in so doing he must not forget the function of a judge and assume that of an advocate.  (*O'Shea* v. *People*, 218 Ill. 352; *Dunn* v. *People*, 172 id. 582.)   In this case, also, the trial judge examined two witnesses in chief and allowed the State's attorney to cross-examine.  We find nothing in the record explaining why this was done.  Such a practice is not to be commended, and can only be permitted when it is shown that otherwise there may be a miscarriage of justice.   We are convinced that in the examination of the witnesses by the trial judge, doubtless unconsciously on his part, he made statements and asked questions in such a form as would almost certainly lead the jury to conclude that he thought the plaintiff in error was guilty.   We are impressed from a reading of the record that the questions of the judge would appear to the jury to be in the interest of the prosecution.   Expressions of opinion by the judge are liable to have great weight with the jury, and therefore especial care should be observed that nothing be said by him to the prejudice of either party.  *Lycan* v. *People,* 107 Ill. 423; *Synon* v. *People,* 188 id. 609; *South Covington and Cincinnati Street Railway Co.* v. *Stroh,* 57 L. R. A. (Ky.) 875, and note.

The evidence in this case as to the guilt of the plaintiff in error is of such a nature that we are constrained to hold that plaintiff in error was prejudiced by the remarks of the judge and his method of examining the witnesses.   It is unnecessary to consider the other errors assigned.

The judgment of the criminal court of Cook county will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*