(No. 19931.

The People of the State of Illinois, Defendant in Error, *vs.* Jacob Schuster, Plaintiff in Error.

*Opinion filed February 21, 1930—Rehearing denied April 4, 1930.*

IRWIN R. HAZEN, and CHARLES A. WAGNER, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and MERRILL F. WEHMHOFF, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

On March 20, 1929, the grand jury of the criminal court of Cook county returned an indictment in four counts against plaintiff in error, Jacob Schuster, and Morris Weiner. The first count of the indictment charged arson, the second charged burning with intent to injure and defraud, and the third and fourth charged conspiracy to burn and set fire with intent to injure and defraud. The case came on for trial in the criminal court of Cook county on May 24, 1929, and during the course of the trial the State's attorney, with the consent of the trial court, entered a *nolle prosequi* as to the arson count. The jury returned a verdict finding plaintiff in error "guilty in manner and form as charged in the indictment," and upon this verdict the court entered judgment against plaintiff in error for the crime of arson and sentenced him to the penitentiary. He has sued out this writ of error to review that judgment.

The fire upon which the indictment is based occurred on July 15, 1928, at the dry goods store conducted by plaintiff in error at 3015 South State street, in the city of Chicago. At the time of the fire plaintiff in error was either in Benton Harbor, Michigan, or *enroute* to that city. It is clear from the evidence that the fire was of incendiary origin and appears to have been started by the defendant

Weiner and one Weiss. Weiss was killed or burned to death in the fire.

It appears from the evidence that plaintiff in error had on hand, after the fire, merchandise of the value of between $6000 and $8000. In addition to this he had fixtures and household furnishings of a replacement value of about $2500. Plaintiff in error was indebted to the bank on a note in the sum of $2500, and upon open accounts to various wholesale houses in the total sum of $2400. He testified that prior to the fire his stock of goods inventoried between $14,000 and $15,000. There is nothing in the evidence to show the quantity of goods destroyed by the fire. He carried a total of $10,000 insurance upon his stock of merchandise, fixtures and household furnishings. His creditors were not pressing him for payment of his indebtedness, and he appears to have been making some profit in the business.

It is first contended on behalf of plaintiff in error that, since the arson count had been dismissed, it was error for the court to enter judgment against him for the crime of arson. This was error on the part of the trial court, and were that the only error intervening, the case could be remanded to the criminal court for correction of the sentence. (*People* v. *Wood,* 318 Ill. 388; *People* v. *Boer,* 262 id. 152.) It is insisted, however, that it would be useless to remand the case to the criminal court for correction of the sentence for the reason that the court would have no means of knowing for what crime plaintiff in error was to be sentenced. After the arson count had been dismissed by the State's attorney there remained three counts, one which charged burning with intent to defraud and the other two which charged conspiracy to burn with intent to defraud, and it is argued that since the jury returned a general verdict of "guilty in manner and form as charged in the indictment," and since the offenses charged in the remaining counts do not carry the same grade of punishment, the

judgment should be reversed and the cause remanded for a new trial. This precise question does not appear to have been before this court but has been passed upon, however, by the Supreme Court of North Carolina in the case of *State* v. *Johnson*, 75 N. C. 123, where the court said: "It is clear our case does not come within that principle, [that where the offenses are of the same grade the case may be remanded for correction of the judgment,] for the offenses charged in the two counts are not of the same grade and the punishment is not the same, so upon a general verdict 'the record' does not enable the court to know upon which count,—in other words, for which offense,— the prisoner should be sentenced, and no judgment can be given without inconsistency and error apparent upon the face of the record." No cases have been called to our attention holding a contrary view, and we think the conclusion reached by the Supreme Court of North Carolina is sound. *Mai* v. *People*, 224 Ill. 414, upholds the same general principle although this precise question was not there involved.

It is also urged on behalf of plaintiff in error that the conduct of the assistant State's attorney in the trial of the case, and particularly his remarks to the jury in his closing argument, were prejudicial to the rights of plaintiff in error. One of the assistant State's attorneys made the following statement: "He [referring to Schuster] never made out any income tax reports. He didn't do that because it was not the nature of his to do anything of the kind." This statement was objected to but not ruled upon by the court. Another assistant State's attorney in the course of his argument made the following statement: "And just as sure as there is a God above, Schuster, [pointing at Schuster,] you are just as guilty of the murder of that man [Weiss] as though you had put a torch to your store." Later in his argument he said: "You men of the jury by your verdict will serve notice on the people of

Cook county that two fire-bugs cannot commit arson and get away with it in this community." These remarks were objected to by plaintiff in error and the objections were overruled by the court.

While it is impossible to lay down any set rules as to what is proper argument to a jury and each case must be determined upon its own facts, the argument should never appeal to the prejudices or passions of the jury. (*People* v. *Redola,* 300 Ill. 392.) The statement that Schuster was guilty of the murder of the man who died in his store at the time of the fire was inflammatory and prejudicial.

Upon an examination of the entire record in this case we cannot say that plaintiff in error has had the fair trial to which he is entitled under the law. He may or he may not be guilty. Upon that question we express no opinion. The law, however, does not provide one method for trying the guilty and another for trying those wrongfully accused of crime. It is more important in the administration of justice that the trial of one accused of the commission of a crime be conducted in an orderly manner and in conformity with the established rules of law than that the conviction of any particular defendant obtained in violation of those rules should be sustained. *People* v. *Saylor,* 319 Ill. 205.

Other errors have been assigned upon the record, but they are not of such character as will be likely to occur in another trial of this case, and it is unnecessary to pass upon them.

The judgment of the criminal court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*