PEOPLE v. PETRILL.

1. CRIMINAL LAW—FAIR TRIAL—PREJUDICIAL CONDUCT OF TRIAL JUDGE.

In prosecution for assault and battery upon a woman, where trial court was late in opening court and, upon calling defendant's case and while his attorney was momentarily out of the courtroom after having waited nearly an hour, required defendant to plead and make election as to whether he would proceed with or without a jury, advised attorney he was never in the case when he reappeared in the courtroom, made various remarks during course of the trial that he did not have much faith in defendant who had waived a jury, and case was mainly tried by interrogations of the trial judge, defendant was not accorded a fair trial.

2. Trial—Duty of Jurors—Judge in Case Tried Without a Jury.
   It is the duty of jurors not to form or express their opinion as to
   the merits of the cause until arguments have been had, instruc-
   tions given, and the case finally submitted to them, and it is
   likewise the duty of the judge in trying a case without a jury
   to arrive at his conclusions from a calm, unbiased consideration
   of the facts.

3. Same—Jury—Waiver—Trial Without Jury.
   A defendant is entitled to a trial by jury unless he waives it, and
   when there is such a waiver, it can be assumed that the accused
   has faith that he will receive at least equal consideration by
   the judge in well and truly trying the issue and giving a true
   verdict according to the evidence.

Appeal from Recorder's Court for the City of
Detroit; Jeffries (Edward J.), J. Submitted Octo-
ber 12, 1939. (Docket No. 137, Calendar No. 40,303.)
Decided February 14, 1940.

Jack Petrill was convicted of assault and battery.
Reversed and new trial ordered.

*Thomas Read,* Attorney General, *Duncan C. Mc-
Crea,* Prosecuting Attorney, *William L. Brunner*
and *Wallace E. Temple,* Assistants Prosecuting At-
torney, for the people.

*Leonard B. Netzorg,* for defendant.

McAllister, J. On June 11, 1938, defendant was
arrested in the city of Detroit, and on June 13th was
released on a writ of *habeas corpus.* On June 21st,
on complaint, a warrant was issued, charging him
with assault and battery upon the person of Cathe-
rine Paquette. After trial in the recorder's court
in the city of Detroit, before the court, a trial by
jury having been waived, defendant was found
guilty of assault and battery and was sentenced to
the Detroit House of Correction for a period of 90

days. From such sentence he appeals, claiming that he did not receive a fair trial.

Defendant retained an attorney, who appeared on the day of the trial prior to the opening of the court in order to ask the trial judge for an adjournment for the purpose of securing two witnesses. The case had been set for trial for 9 o'clock in the morning. After waiting for approximately one-half hour after the time set for the trial of the case, and the judge not having arrived, defendant's counsel stepped out into the hall to take care of certain other matters and returned in about 15 minutes, when he found that the trial was in progress without a jury.

It appears that when the judge arrived, the clerk of the court had advised defendant to notify his attorney, and that while trying to find him, defendant was informed that the court was about to forfeit his bond if he failed to appear forthwith. Defendant, thereupon, immediately returned to the courtroom, and was told by the judge that he would have to go to trial without his attorney. The clerk then advised him of the charge and asked him whether he pleaded guilty, or not guilty. He pleaded not guilty, and the clerk asked him whether he waived a jury trial. He replied in the affirmative. The judge then asked several questions of the complaining witness, and during the course of the interrogation, defendant's counsel appeared and asked for an adjournment. The judge replied that he was too late, whereupon the attorney asked permission to withdraw from the case. The court then told counsel that he was never in the case, and upon the attorney's stating that the defendant should have counsel, the court told him, "if you don't keep quiet, you will be in." Thereafter counsel seems not to have participated in the case. The judge then proceeded to examine the defendant, and, after several questions, was told

that the defendant needed two additional witnesses who could not appear until a later date. The judge then adjourned the case until such time, fixing a bail bond at the sum of $1,000 with one surety. Mr. Stevenson, the attorney, then called upon the judge and stated that he wished to speak to him of the case. He told the judge that the defendant had been released on his personal recognizance and that he could guarantee his appearance at any time; that the defendant was a recreational director for a factory workers' organization, sponsored by a large motor company, and that he had a lot of faith in him. The court responded that he would not believe defendant under oath; that he did not want to talk about it; and concluded by telling Mr. Stevenson to "get out."

On the adjourned date Mr. Stevenson again appeared and sought another adjournment on the ground that defendant was confined to his bed because of illness, and in support of such statement produced an affidavit by a physician. The court again stated that he did not have much faith in the defendant, but nevertheless adjourned the case.

When the case was called on the adjourned date, Mr. Stevenson appeared and stated that although defendant had retained an attorney, because of the foregoing circumstances, defendant had gone to trial without counsel; that defendant did not understand the procedure; and because of such state of facts, Mr. Stevenson asked the court to grant defendant the right of a trial by jury. The court denied such motion, and on resumption of the trial Mr. Netzorg appeared for defendant and made a motion for a mistrial on the ground that defendant was denied the right to counsel and jury trial; that he was compelled to proceed to elect the form of his trial during the few minutes that his counsel was absent from

the courtroom; that he had not been apprised of his rights or of the power of the clerk to receive a waiver on behalf of the judge. Counsel further asked that the case be transferred to another judge of the recorder's court on the ground that the judge trying the case had so definitely stated his prejudices against the defendant that the accused could not secure a fair trial before such judge.

Practically all of the testimony on the part of the prosecution was strongly controverted on the part of the defense. The assault complained of involved moral dereliction. With regard to the evidence on the part of the prosecution, there was considerable uncertainty as to whether the complaining witness had resisted the alleged assault, or whether it had taken place with her consent. Of course, these were questions of fact. Due to the manner in which the case was tried, mainly by interrogations of the trial judge, much of the testimony on the part of the prosecution entered the case without the rigorous cross-examination which might otherwise have tested the truth of the accusations.

From all of the circumstances in this case, we are of the opinion that defendant did not receive a fair trial. The unseemly rush to get the case commenced during the few minutes that defendant's counsel was out of the room; requiring defendant to plead and to make an election between a jury trial and a trial by the court, when it was known that his counsel had been present in the courtroom for nearly an hour before the trial commenced and had been absent for only a few minutes when the judge arrived late; the strong expression of opinion on the part of the judge that defendant was unworthy of belief, and that he had no faith in him, during the progress of the case and prior to the time that the evidence was complete —these are circumstances that are persuasive that

defendant was not accorded the rights requisite to constitute a fair trial.

The circumstances in the case indicated the necessity for hearing the whole of the evidence, especially that impugning the credibility of the complaining witness, before arriving at a judgment as to whether defendant committed the offense with which he was charged.

In 64 C. J. p. 1017, it is said:

"It is the duty of jurors not to form or express their opinion as to the merits of the cause until arguments have been had, instructions given, and the case finally submitted to them, and should a juror, while he is separated from the rest, during the course of the trial, talk to others and declare his already formed opinion as to the merits of the controversy, such prejudgment by the juror vitiates the verdict. If the court have reason to believe that the jurors have expressed a determination to render a verdict in favor of one of the parties, irrespective of the facts proved, he may, before the parties have challenged them, admonish them as to their duty to decide the case fairly and impartially on the evidence."

In *People* v. *Giacomino,* 347 Ill. 523 (180 N. E. 437, 84 A. L. R. 1168, 1171), in which the accused was tried before a court without a jury, a jury trial having been waived, and it appeared that the trial judge had displayed hostility toward witnesses, subjecting them to severe cross-examination and plainly indicating that he did not credit their testimony and was determined to bring out evidence to convict defendants, the judgment of conviction was reversed on appeal, and in the course of its opinion the court said:

"Where a cause is tried before a jury the trial judge must not indulge in extensive questioning or

indicate by his conduct either favor or disfavor towards parties or witnesses. In *People* v. *Bernstein,* 250 Ill. 63 (95 N. E. 50), this court said that the examination of witnesses is the more appropriate function of counsel, and that instances are rare and conditions are exceptional which will justify the presiding judge in conducting an extensive examination. The *Bernstein Case* was tried before a jury while a jury was waived in this cause. Nevertheless, the principle enunciated in the former case is not to be ignored even when a jury has been waived. In either event it is the duty of the judge to arrive at his conclusions from a calm, unbiased consideration of the facts.''

If the expression of a fixed opinion of a single juror, under the circumstances outlined in the above cases, is so prejudicial as to result in deprivation of a fair trial and a reversal of the verdict and conviction, it can be said that similar conduct on the part of a trial judge, who passes upon the guilt or innocence of the accused, should be governed by the same conditions. A defendant is entitled to a trial by jury unless he waives it, and when there is such a waiver, it can be assumed that the accused has faith that he will receive at least equal consideration by the judge in well and truly trying the issue and giving a true verdict according to the evidence.

Judgment reversed, and a new trial ordered.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.