(No. 27557.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN TINNELL, Plaintiff in Error.

*Opinion filed January 18, 1944—Rehearing denied March 20, 1944.*

ARTHUR G. HARRIS, of Dixon, (OTTO W. BERG, of Chicago, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (WILLIAM H. GATES, of Rockford, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty of rape by the circuit court of Winnebago county and brings the cause here for review. The indictment consisted of four counts. The first and second counts charged defendant with robbing the complaining witness while armed with a knife; the third count charged him with assault with intent to commit rape upon her, and the fourth count charged rape; all alleged to have occurred on March 5, 1943.

Defendant moved to quash the indictment for duplicity on the ground that robbery was an offense of taking property and the charges of rape and attempted rape were offenses against the person; that the crimes were separate and distinct, carrying different penalties, and therefore may not be joined. It was also argued that the indictment did not show that the separate crimes charged arose out

of one and the same transaction. Under the rule in this State, unless the various counts of an indictment show that they do not relate to the same transaction, it will be presumed that they do. *People* v. *Dougherty*, 246 Ill. 458; *People* v. *Peters*, 241 Ill. 273; *West* v. *People*, 137 Ill. 189.

It is argued, however, by plaintiff in error's counsel, that the crimes of robbery and rape are essentially different in character and in punishment and are in fact two separate and distinct transactions; that an indictment charging two or more distinct offenses is duplicitous and should be quashed. No motion was made to elect upon which of the offenses charged the State would stand. Counsel in support of the contention that this indictment should have been quashed, relies principally on *People* v. *Wolf*, 358 Ill. 334, wherein it was held that the defendant having been charged with embezzlement of funds in his capacity as president of a bank, and in the same indictment in other counts, in the capacity of treasurer of a park district, the motion made by the defense to require the People to elect, should have been allowed. It was there held that the indictment and bill of particulars filed showed that the various counts of the indictment did not relate to the same transaction or charge one offense in varying language.

The question here is whether these counts can be joined in the same indictment. The rule, often stated by this court, is as announced in *People* v. *Bernstein*, 250 Ill. 63. In that case the accused was charged in various counts of an indictment with arson under section 13 of division I of the Criminal Code, and in various other counts with burning a building to defraud an insurer under section 14. The penalties provided are different and a motion was made to quash the indictment because they charged two separate and distinct felonies. That arson and burning to defraud an insurer are two separate felonies, was held in *Mai* v. *People*, 224 Ill. 414, and *Elgin* v. *People*, 226 Ill. 486. The contention, however, in the *Bernstein case*, that

the accused could not be tried under an indictment charging those two offenses, was not sustained.

The rule is laid down that "if two or more offenses grow out of one transaction and are of such a nature that the defendant may be found guilty of both, the prosecutor will not be required to elect for which offense charged in the indictment he will ask a conviction. He will only be required to elect when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction." Citing *People* v. *Weil,* 243 Ill. 208, *Schintz* v. *People,* 178 Ill. 320, and *Goodhue* v. *People,* 94 Ill. 37.

In the case last cited, it was held that where two or more offenses form part of one transaction and are such in nature that if defendant may be guilty of both, the prosecution will not, as a general rule, be put to an election but may proceed under one indictment for several offenses though they be felonies. It is there stated, "The right of demanding an election and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other and do not form parts of one and the same transaction," citing Wharton Crim. Law, sec. 423, 1 Bishop Crim Pr. 459, and *Lyons* v. *People,* 68 Ill. 275. This rule has been uniformly followed by this court. (*People* v. *Gotter,* 357 Ill. 214; *People* v. *Routson,* 354 Ill. 573; *People* v. *Perrello,* 350 Ill. 231.) In the *Wolf case,* cited by plaintiff in error, no motion was made to quash the indictment but it was held that because the offenses were separate and did not arise out of the same transaction, the trial court erred in not requiring an election. As we have indicated, there was no motion in this case to require the People to elect, and the court did not err in overruling the motion to quash.

After a hearing before the court, a jury being waived, plaintiff in error was found guilty of the crimes of robbery and rape, and the State's Attorney stated that he elected

to stand on the third count of the indictment. This supposed election was made after the court had announced a finding of guilty as to both robbery and rape, the latter being the charge laid in the fourth count rather than the third, and plaintiff in error says here that since the State's Attorney elected to stand on the third count, which was assault with intent to commit rape, the effect of such election was to destroy the finding of the court on the charge of rape and resulted in a finding of not guilty on that charge; that, as the court made its finding on the third count, the result of such finding was a finding of not guilty as to other counts of the indictment.

Plaintiff in error's counsel further argue that when the State's Attorney elected to stand on count three, charging assault with intent to commit rape, the finding of the court on the charge of rape was a finding on a charge not before the court. The People, in answer, say that reference of the State's Attorney to the third count was pure inadvertence and that he intended to and did refer to the count charging rape, which was the fourth count. If this was true, of course the People should not be put to the expense of another trial because of such inadvertence. The court had found the accused guilty of the crime of rape. This was the charge of the fourth count. The effect of that holding, since, at the time of the finding, no election had been made by the People, was to find the defendant not guilty as to the third count. The State could hardly be expected therefore to elect to stand on a count which in effect had been found against it. An examination of the entire record shows that the count of the indictment which the court, the State's Attorney and counsel for the defendant had in mind, was the fourth count. The finding of guilt was of rape. The judgment entered was guilty of rape. There is nothing in the record to indicate that the court took any cognizance whatever of the statement of the State's Attorney but, so far as the record shows, it entered finding and

judgment on the rape charge, which was, as we have seen, the fourth count. This contention of plaintiff in error can not be sustained. While no motion was made to require the State's Attorney to elect at any time during the trial, there was in fact an election made, and judgment entered on but one offense.

Counsel argue that the evidence does not sustain the conviction. The evidence of the assault was detailed by the complaining witness. She testified that on the evening of March 5, while passing the end of an alleyway on the way to her home in the city of Rockford, she was seized by the defendant who put an open knife to her throat and held it there, striking her in the face and warning her to keep still or he would kill her; that he pushed her back into some bushes and there committed rape upon her. She testified that she told him if he would let her go that she would give him some money; that he then let her up and she gave him a fifty-cent piece and a few pennies; that she then escaped and ran screaming from the scene and stumbled down an embankment onto the street, where she called to a passerby who took her to a nearby fire station. Police were called and in company with them she went in search of her assailant. Plaintiff in error was found in the neighborhood and arrested. When taken into custody he had in his right hand a knife with the blade open and in his left a fifty-cent piece and four pennies. The knife bore evidence of blood marks. The complaining witness's neck showed cuts as did her fingers. The identity of the knife was proved on the trial.

Plaintiff in error was taken to the police station where he made a statement in which he admitted the assault but denied completion of the rape. He took the stand on the trial and denied ever having been in the alley or having attacked the complaining witness. He stated that the statements taken by the police were beaten out of him and that the statement he made to the assistant State's Attorney,

though the same as given to the police, was made because of fear of further beatings. In rebuttal five officers and the stenographer and other witnesses were called to prove that not only was no violence committed against plaintiff in error but that he showed no evidence of violence at the time the witnesses talked with him.

We are convinced that the record both as to the plaintiff in error's identity and the facts of the crime, is sufficient to justify the finding of the court, and the judgment of conviction is affirmed.

*Judgment affirmed.*