(No. 30724.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER GRAY, Plaintiff in Error.

*Opinion filed March 24, 1949.*

WALTER GRAY, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, ARTHUR F. MANNING, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

September 24, 1947, the defendant, Walter Gray, was indicted in the criminal court of Cook County for burglary and malicious mischief. The indictment consists of three counts. Of these, the first charges defendant with burglariously breaking and entering, with force, a building, the store of Jack Heilig, with intent to steal his personal goods, chattels, money and property. The second count charges a burglarious entry, without force. The third count charges defendant with mischievously and maliciously injuring and defacing a building, a store, in the lawful possession and control of Heilig by taking out a large number of bricks from a certain wall of the building and by breaking the lock on a certain door of the building, without Heilig's consent. Defendant pleaded not guilty and waived a trial by jury. The trial judge found him guilty of burglary and

malicious mischief in manner and form as charged in the indictment. Judgment was rendered on the finding, and defendant was sentenced to imprisonment in the penitentiary for a term of not less than three nor more than twenty years. Thereafter, defendant's motion to vacate this sentence was sustained and he was resentenced on the finding to a term of not less than three nor more than ten years' imprisonment. Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

Defendant's sole contention is that the indictment charges two separate and distinct offenses and is, hence, insufficient to sustain the judgment of conviction. Where it is clear that they grow out of the same act or transaction, separate and distinct offenses may be charged in the same indictment and stated, in different ways, in as many different counts as deemed necessary. (*People* v. *Borrelli,* 392 Ill. 481; *People* v. *Pond,* 390 Ill. 237; *People* v. *Tinnell,* 385 Ill. 537; *People* v. *Jones,* 291 Ill. 52.) A prosecutor is required to elect upon which count of an indictment he will rely for conviction only when the offenses charged in the different counts are actually distinct from each other and do not arise out of the same transaction. Unless they show that they do not relate to the same transaction, the presumption obtains that they do. (*People* v. *Borrelli,* 392 Ill. 481; *People* v. *Tinnell,* 385 Ill. 537; *People* v. *Pulliam,* 352 Ill. 318.) Conversely, a defendant cannot insist that he shall not be put upon trial on an indictment containing counts charging separate offenses unless it affirmatively appears that they are not parts of one and the same transaction but are separate and distinct in law and fact. (*People* v. *Perrello,* 350 Ill. 231.) On the face of the indictment, it is manifest that the criminal offenses charged grew out of and relate to the same transaction.

Defendant also contends that the judgment order finding him guilty of burglary and malicious mischief, as charged

in the indictment, is void because the indictment included separate offenses carrying different penalties. Specifically, burglary is a felony punishable by imprisonment in the penitentiary for a term of years not less than one year or for life. (Ill. Rev. Stat. 1947, chap. 38, par. 84.) Malicious mischief is a misdemeanor punishable by a fine not exceeding $500, or confinement in the county jail not exceeding one year, or both, in the discretion of the court. (Ill. Rev. Stat. 1947, chap. 38, par. 425.) Defendant places reliance upon *People* v. *Crawford,* 278 Ill. 134, and other authorities, holding that it is proper to state the same offense in different ways in as many counts of an indictment as the pleader may deem necessary, even though the judgment on several counts be different, provided all the counts are for felonies or all for misdemeanors. A concession that the indictment should not have included both a felony and a misdemeanor does not aid defendant because the contention that the indictment was duplicitous merely goes to the form of the indictment and, in the absence of a motion to quash, is not now open to consideration. *People* v. *Pond,* 390 Ill. 237; *People* v. *Weinberg,* 361 Ill. 537; *People* v. *Jones,* 291 Ill. 52.

*People* v. *Vehon,* 340 Ill. 511, held that where an indictment, in separate counts, charged two separate crimes not carrying the same grade of punishment, it was error for the court, under a general verdict finding the defendant "guilty in manner and form as charged in the indictment," to sentence the defendant for the crime carrying the greater punishment, as the court had no means of knowing upon which count the jury acted. *People* v. *Schuster,* 339 Ill. 73, is to the same effect. *People* v. *Vehon* was tried before this court filed its opinion in *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250, deciding that an accused in a criminal case, whether the offense charged be a felony or a misdemeanor, may waive trial by jury. In the present case, the defendant, Gray, did waive the right to a jury trial.

594

The statement in *People* v. *Vehon* that "The trial court had no means of knowing upon which count the jury had acted," has no application to the present case. Here, the trial judge heard the evidence and, of course, knew that he was finding the defendant, Walter Gray, guilty of the crime of burglary, a felony punishable by imprisonment in the penitentiary. In the absence of a bill of exceptions, the presumption obtains that the evidence was sufficient to justify the finding of guilty of the crime of burglary. The words "and malicious mischief" in the judgment order are surplusage.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*