## JOHN M. KERR

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

CRIMINAL LAW — *indictment for perjury.* An indictment for perjury, which fails to aver before whom the affidavit was made, upon which perjury is assigned, is fatally defective. The accused has a right to be informed by the indictment of the name of the officer before whom it is charged he took the false oath, that he may know whether he had competent authority to administer the oath. Such an omission is matter of substance, and the question is presented by a motion to quash the indictment, and when overruled it is preserved by a motion in arrest of judgment.

WRIT OF ERROR to the Circuit Court of the county of Washington; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts in this case sufficiently appear in the opinion of the court.

Messrs. HAY & HOSMER and Mr. VERNOR, for the plaintiffs in error.

Mr. THOMAS S. CASEY, State's attorney, for the people.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an indictment against plaintiff in error in the Washington Circuit Court, for perjury. A trial was had before the court and a jury which resulted in a verdict of guilty. A motion for a new trial and in arrest of judgment was entered, which was overruled by the court, and a judgment rendered on the verdict. Defendant below brings the case to this court on writ of error, and assigns various errors for its reversal. We, however, deem it, in the view we take of the case, unnecessary to consider any but that which questions the sufficiency of the indictment. A motion to quash was interposed before the trial, but was overruled, and the question was thus preserved by the motion in arrest.

The indictment omits to aver before whom the affidavit, upon which perjury is assigned, was made. This averment has always been considered as material and matter of substance. The accused has an undoubted right to be informed before whom it is alleged he took the oath charged to be false. He has the right in his defense to prove that the person administering the oath did not have legal and competent authority for the purpose. In the absence of such authority there could be no perjury, and hence the necessity of an averment as to who administered the oath, and that he had legal and competent authority for the purpose. This was the rule announced in the case of *Morrell* v. *The People*, 32 Ill. 499, and no reason has been presented why it should not govern this case. A party accused of crime should be fully advised by the indictment of all the material facts relied upon to establish the offense of which he stands charged. This indictment fails to do so, and was therefore materially defective.

The court below therefore erred in refusing to quash the indictment, or to arrest the judgment; and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*