THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN W. GAUL, Plaintiff in Error.

*Opinion filed April 23, 1908.*

DRAM-SHOPS—*when judgment of conviction must be affirmed or reversed as a whole.* A judgment convicting defendant of selling liquor in violation of the Dram-shop act, though based upon various counts of the information, is so far a unit that it must be affirmed or reversed as a whole, and the Appellate Court cannot affirm as to some counts and reverse as to others.

. . WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Warren county; the Hon. J. W. CLENDENIN, Judge, presiding.

An information containing thirty counts was filed by the State's attorney of Warren county in the county court of said county against John W. Gaul, charging him with selling intoxicating liquors in violation of sections 2, 6 and 7 of the Dram-shop act. Gaul filed a plea of not guilty, and upon a trial before the court and a jury he was found guilty under the fifth, seventh, eleventh and twenty-fifth counts of

the information and fined $60 on each of said counts, and sentenced to imprisonment in the county jail of Warren county for thirty days under the twenty-fifth count. The defendant sued out a writ of error from the Appellate Court for the Second District, where the judgment of the county court was reversed as to the conviction under the fifth count, and as to that count the cause was remanded to the county court, and the judgment of the county court was affirmed as to the conviction under the seventh, eleventh and twenty-fifth counts. The defendant has sued out a writ of error from this court to review the judgment of the Appellate Court.

COOKE & STEVENS, and CHARLES A. MCLAUGHLIN, for plaintiff in error.

W. H. STEAD Attorney General, and CLINTON M. HUEY, State's Attorney, (LOUIS H. HANNA, and JOHN H. HANLEY, of counsel,) for the People.

Per CURIAM: We are of the opinion the Appellate Court should have affirmed the judgment of the county court in whole or reversed that judgment in whole. The judgment of the county court, although based upon different counts of the information, is so far a unit that it should be either reversed in whole or affirmed in whole by the Appellate Court.

The judgment of the Appellate Court will therefore be reversed and the cause remanded to that court, with directions to affirm the judgment of the county court as a whole or reverse the judgment of that court as a whole, and in case the judgment of the county court is reversed, to re-. mand the cause to that court for a new trial.

*Reversed and remanded, with directions.*