# The People of the State of Illinois, Defendant in Error, v. Philip Goldberg, Plaintiff in Error.

## Gen. No. 6,477.

1. CRIMINAL LAW, § 103*—*what is effect of plea of not guilty.* Under the Criminal Code, div. 13, sec. 3 (J. & A. ¶ 4120), providing that it shall be sufficient, without any other form, for the defendant to declare orally that he is not guilty and that such plea shall constitute the issue between the People and the prisoner, the plea of not guilty dispenses with all other pleas and forms and permits all meritorious defenses to be made thereunder.

2. CRIMINAL LAW, § 103*—*right to claim immunity from prosecution under plea of not guilty.* A defendant in a criminal case is entitled to the benefit of claimed immunity from prosecution under a plea of not guilty.

3. CRIMINAL LAW—*when order as to immunity from prosecution does not protect from prosecution for illegally selling liquor.* Under the Criminal Code, div. 1, secs. 31-34 inc. (J. & A. ¶¶ 3517-3520 inc.), relating to the offense of bribing an officer and make such bribery a penal offense as against both the officer receiving the bribe and the person giving it, and section 35 (J. & A. ¶ 3521), providing that whenever at an investigation before a grand jury concerning any offense named in the preceding sections it shall appear that another person is a material witness and that his testimony would tend to incriminate him, the court may cause an order of immunity from prosecution to be entered and thereupon

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

The People v. Goldberg, 210 Ill. App. 422.

the witness shall be compelled to testify, and, if he shall testify, such order shall forever after be a bar to any indictment, information or prosecution against him for such matters, an order granting immunity from prosecution to a witness appearing before a grand jury investigating a charge of bribery by the witness of a prosecuting attorney to not prosecute criminal cases for illegally selling intoxicating liquor, protects him only against prosecution for bribery and not for illegally selling liquor.

4. Criminal Law, § 312*—*when defendant may not complain of failure of court to instruct jury.* The defendant in a criminal case cannot complain of the failure of the court to instruct the jury that the evidence of certain witnesses was excluded, in the absence of the jury from the court room, where he does not proffer an instruction on the subject.

5. Criminal Law, § 416*—*when defendant cannot complain of erroneous admission of evidence.* In a prosecution for the illegal sale of intoxicating liquor, defendant cannot complain on appeal of error in introducing evidence of sales after the date of the return of the indictment, where he fails to make objection in the trial court.

6. Intoxicating Liquors, § 162*—*when instruction on non-necessity of proving specific day and year of sale not reversibly erroneous.* In a criminal prosecution for the sale of intoxicating liquor in less quantities than one gallon without a license, an instruction that it was not necessary that the specific day and year be proven, if the jury believed beyond a reasonable doubt that it was within a year and a half next previous to the date when the indictment was returned, and that accused could be found guilty under any one count for each sale, proved beyond a reasonable doubt, but not stating that the sales without a license must be in less quantities than one gallon, was not reversibly erroneous, where the instruction immediately preceding it was correct and contained the requirement, and there were only fifty counts in the indictment and proof of over one hundred and fifty sales of whisky in pints and half pints and by the drink.

7. Indictment and Information, § 39*—*when names are idem sonans.* The names "Philip Goldberg" and "Philup Goldberg" in an indictment are *idem sonans.*

8. Intoxicating Liquors, § 162*—*necessity of reversal or affirmance in whole of judgment of conviction based on different counts.* The judgment of conviction of the County Court, in a prosecution for the illegal sale of intoxicating liquor, in less quantities than one gallon, without a license, based on different counts of an indictment, is so far a unit that it must be either reversed in whole or affirmed in whole by the Appellate Court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. CRIMINAL LAW, § 577*—*when error in incorrectly naming defendant in count of indictment waived.* The error, in naming the defendant in a criminal case as "Philip Holdberg," in one of several counts in an indictment for illegally selling intoxicating liquor, instead of as "Philip Goldberg," is waived where the question is not raised in the trial court.

10. INTOXICATING LIQUORS, § 161*—*when judgment in criminal prosecution for illegally selling is not excessive.* A judgment, under fifty counts of an indictment for illegally selling intoxicating liquor in less quantities than one gallon without a license, fining defendant $50 under each count and sentencing him to 10 days' imprisonment in jail under each of ten counts, is not excessive.

### ON PETITION FOR REHEARING.

CRIMINAL LAW; § 414*—*when question that record does not show that grand jury were sworn may not be raised.* The defendant in a prosecution for the illegal sale of intoxicating liquor, who pleads not guilty in the Circuit Court without making any motion to quash the indictment for any lack of showing in the record that the grand jury were sworn, and, after transfer of the record to the County Court, does not raise the question, and does not raise the question in his briefs on appeal to the Appellate Court, cannot be heard to raise the question for the first time in his petition for rehearing.

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918. Rehearing denied April 10, 1918.

RICE, LOWES, O'NEIL & RICHARDS, for plaintiff in error; FRANCIS M. LOWES, of counsel.

JAMES G. WELCH, for defendant in error; E. V. ORVIS, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

On April 10, 1917, Philip Goldberg was indicted in the Circuit Court of Lake county for unlawfully selling intoxicating liquor in less quantities than one gal-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lon.  He pleaded not guilty in said court.  Afterwards
the cause was certified to the County Court for trial.
Afterwards defendant again pleaded not guilty, and
still later he filed a special plea in writing, in which he'
claimed immunity from prosecution.  An oral demur-
rer to that plea was sustained.  The cause was tried
by a jury and defendant was convicted and sentenced
to fine and imprisonment in the county jail.  This writ
of error brings that judgment in review.

Section 3 of division 13 of the Criminal Code (J. &
A. ¶ 4120), provides that it shall be sufficient, without
any other form, for the defendant to declare orally
that he is not guilty and that that plea shall constitute
the issue between the People and the prisoner.  In
*Hankins v. People,* 106 Ill. 628, it is said of that stat-
ute: ''This provision in terms dispenses with all other
pleas and forms, and clearly permits all meritorious
defenses to be made under the plea of not guilty.  The
statute has dispensed with all others than that plea,
unless it be pleas in abatement, etc.''  That decision
has been frequently followed.  In *Newlin v. People,*
221 Ill. 166, a burglary case, defendant's only plea
was not guilty, yet he was held entitled to immunity
and to be discharged on motion because of matters
which had occurred after his indictment.  There are
numerous other like cases.  The bill of exceptions here
shows that counsel for defendant told the trial court
that he considered that he was entitled to the benefit
of the supposed immunity under the plea of not guilty.
We are of opinion that this view is correct.  The court
therefore did not err in sustaining the demurrer to
the special plea.

At the trial defendant offered to prove the facts re-
lied upon as furnishing him immunity from prosecu-
tion and the court sustained an objection to that offer,
and this presents the principal question in the case.
The substance of the offer was to prove that in March,
1917, after the return of the indictment now under

consideration, the Attorney General of the State and
his assistants were investigating before the grand jury
of Lake county a charge of bribery against James G.
Welch, State's Attorney for Lake county, and that
they considered Philip Goldberg and others material
witnesses on that charge, and appeared before the
Circuit Court and showed the court that the evidence
required of said witnesses would tend to incriminate
them, and thereupon obtained from the court an order
requiring each of said witnesses to appear before the
grand jury and testify in that investigation and re-
leasing each of them "from all liability to be prose-
cuted or punished on account of any matter to which
they shall be required to testify"; that thereafter said
Philip Goldberg did appear before said grand jury
and testified under oath in answer to questions put
by the Assistant Attorney General and by members
of the grand jury to the effect that, pursuant to solici-
tation by said State's Attorney, he met said State's
Attorney at an appointed place with defendant's father
and was then told by the State's Attorney that there
were many charges pending against said Philip Gold-
berg for having sold liquor in quantities less than one
gallon contrary to statute; that there were some five
hundred charges against him, each of which might
carry a jail sentence, and that heavy fines might be
imposed, and that it would cost him $1,000 to be re-
lieved from such prosecution; that $500 was offered
and finally $750 was agreed upon as sufficient and was
paid to the State's Attorney; that Philip Goldberg
then asked the State's Attorney what security he would
have that he would not be molested in the future, and
that the State's Attorney told him he would see that
no harm came to him; that thereafter he again met
the State's Attorney by appointment and was informed
by the latter that he must have $500 more, as there
were other parties to be taken care of besides himself
in order to prevent prosecution upon these five hun-

dred charges, and that he refused to make further payment; and that "the offenses set out in the indictment and to which proof has been offered here are the same as those mentioned by the testimony of the witnesses before the grand jury." Sections 31 to 34 inclusive, of division 1 of the Criminal Code (J. & A. ¶¶ 3517-3520 inc.), relate to the offense of bribing an officer and make such bribery a penal offense as against both the officer receiving the bribe and the person giving it; and the next section (J. & A. ¶ 3521) provides that whenever at an investigation before a grand jury concerning any offense mentioned in the four preceding sections, it shall appear that another person is a material witness and that his testimony would tend to incriminate himself, the court may cause an order to be entered, like the order here in question, and thereupon such witness shall be compelled to testify "and if he shall testify such order shall forever after be a bar to any indictment, information or prosecution against him for such matters." Defendant claims that under said statute and said order of the Circuit Court and his compliance therewith he was relieved from further prosecution in this case. That statute was construed in *People v. Argo*, 237 Ill. 173. There the grand jury were investigating a charge of bribery. A like order was made by the court releasing Argo from prosecution or punishment on account of any matter to which he might be required to testify before said grand jury upon said investigation of the charge of bribery. Questions were propounded to him, the answers to which might have a tendency to convict him of gambling and of keeping a gambling house in violation of the Criminal Code. He claimed his privilege and declined to answer and was brought before the court on a charge of contempt in refusing to answer said questions and was convicted, and that conviction was confirmed by the Appellate Court, and that cause was removed to the Supreme Court. It was there held

that the immunity authorized by said statute only ap-
plies to the offense of bribery and that, when Argo
was questioned to ascertain if he had been guilty of
gambling and other offenses, he properly claimed his
privilege and refused to answer, because that order
would only give him immunity for any offenses of
bribery, which he might there testify he had committed.
Bribery requires the action of two persons, one to pay
the bribe and the other to receive it, and if it is sought
to prove the guilt of one by the testimony of the other
obviously he would be incriminating himself, and the
purpose of this statute was to relieve him from prose-
cution for what he so revealed. The court there said:
"We hold that the immunity order did not, and legally
could not, protect the plaintiff in error from indict-
ment and prosecution for any offense not expressed in
the four sections of the statute preceding the one
under which the order was entered, and that he had a
right to claim his constitutional privilege as to all
questions which directly or indirectly tended to con-
nect him with any offense other than those defined in
the sections of the statute above referred to." It
follows that this order, made in the Circuit Court of
Lake county, gave defendant immunity from prosecu-
tion for bribery of the State's Attorney, but, if he was
questioned before the grand jury as to whether he
had violated the law of the State in relation to the
sale of liquor, he had a right to claim his privilege and
refuse to answer, but, if he answered, he did so at his
peril. Therefore said order and his compliance there-
with did not give him immunity from this prosecution.

It is contended that without reference to said statute
the law would give defendant immunity. We think
that contention is disposed of by what was said in the
*Argo* case, *supra*. But it is to be further noticed that
defendant did not offer to prove that he was asked
before the grand jury whether he had violated the stat-
ute relating to the sale of intoxicating liquor in less

quantities than one gallon without a license, nor that he gave any such testimony before the grand jury. The general words used by counsel in the offer to prove would be fully covered if he had been asked before the grand jury if this indictment was pending against him charging him with the illegal sale of intoxicating liquor.

The jury were excluded while defendant made this offer of proof, and after that was disposed of defendant moved to exclude the evidence of a number of witnesses, and the evidence of three witnesses was excluded before the jury returned. Defendant now argues that it was error not to inform the jury that said evidence was excluded. Defendant knew the jury were not present when he made this motion and when it was granted, and if he wished an instruction on that subject he should have asked it, and he did not do so and therefore cannot complain.

The point is made that the People's witnesses were interrogated in chief concerning sales made during "the last year and a half," and that this included some two months after the return of the indictment, and therefore it could not be known how many of such sales were before the return of the indictment. As to nearly every witness, before the examination was completed, the inquiries were specially directed to the period of a year and one-half immediately before February 21, 1917, the date of the return of the indictment. If defendant had objected, it would have been error to admit proof of any sales after that date, but no such objection was made. We find from a careful examination of the record proof of over one hundred and fifty sales during the eighteen months preceding the indictment, and these were of sales of whisky by the pint, half pint and drink.

The 9th instruction, given for the People, related to the subject that it was not necessary that the specific day and year of a sale need be proven by a witness, if the jury believed beyond a reasonable doubt that

it was "within a year and a half next previous to February 21, 1917, the date when said indictment was returned," and that he could be found guilty under any one count for each sale, proven beyond a reasonable doubt, but it did not say that such sale of intoxicating liquor without a license must be in less quantities than one gallon. The instruction was perhaps defective in that respect, but the instruction immediately preceding it was in the language of the statute and contained that requirement, and we are of the opinion that the sale of intoxicating liquor referred to in said instruction No. 9 would be understood by the jury to mean the sales referred to in the last preceding instruction, and as there were only fifty counts in the indictment and as there was proof of over one hundred and fifty sales of whisky in pints and half pints and by the drink, we think the conviction should not be reversed because of that slight defect in the 9th instruction.

It is argued that it was error to enter judgment under the 22nd and 29th counts. The 29th count gave defendant's name as "Philup Goldberg." We are of opinion that this was *idem sonans*. The 22nd count gave the name of the defendant as "Philip Holdberg." This question was not raised at all in the trial court. If it had been, the People could have dismissed that count. If we hold that defect fatal here, we must not only reverse the conviction under that count, but under the forty-nine other counts, under the rule stated in *People v. Gaul*, 233 Ill. 630, where it is held that the judgment of the County Court, based on different counts of an information, is so far a unit that it must either be reversed in whole or affirmed in whole by the Appellate Court. It is also worthy of note that nearly every witness who testified for the People to sales of whisky and beer to him by defendant pointed him out as he was seated in the court room and said that that was the man of whom he purchased the liquor.

As this defect could have been cured in the trial court, even after verdict, by dismissing that count, and cannot be cured here, except by reversing the entire judgment, we must consider it waived by failure to raise it in the trial court.

It is argued that the judgment is harsh and excessive. Defendant was convicted under fifty counts, was fined $50 under each count, and was sentenced to 10 days' imprisonment in jail under the last ten counts of the indictment. It cannot be said that a fine of $50 and imprisonment of 10 days in jail is an excessive punishment for a violation of this law. If the total judgment seems excessive, it is so because defendant has been guilty of so many violations of the law. The proof would have sustained a conviction under many more counts.

The judgment is affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. In his petition for a rehearing plaintiff in error claims that the record of the Circuit Court filed in the County Court does not sufficiently show that the grand jury were sworn. He pleaded not guilty in the Circuit Court without making any motion to quash the indictment for any lack of any showing of that kind in the record. After the record had been transferred to the County Court, he did not raise the question there where the insufficiency of the record could have been supplied. He never raised the question in the County Court. He did not raise the question in his briefs in this court. We are of the opinion that he cannot be heard to first raise that question in his petition for a rehearing. The indictment begins "The grand jurors chosen, selected and sworn," etc. The petition for a rehearing criticizes the *Argo* case [237 Ill. 173] and our application of it. We feel bound to follow the language of that decision. The petition for rehearing is denied.