(No. 12476.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILIP GOLDBERG, Plaintiff in Error.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. CRIMINAL LAW—*when an immunity order is no protection against prosecution for the sale of intoxicating liquor.* An order granting to one under indictment for the sale of intoxicating liquor immunity from prosecution on account of any matter to which he would testify before the grand jury on investigation of charges of bribery against the State's attorney in connection with the defendant's case does not prevent the prosecution of the charge of such indictment, where no question is asked concerning his testimony before the grand jury. (*People* v. *Argo,* 237 Ill. 173, followed.)

2. SAME—*immunity need not be specially pleaded.* It is not necessary for a defendant in a criminal case to plead specially an immunity from prosecution.

3. SAME—*misnomer of defendant may be reached by motion in arrest—idem sonans.* Where a defendant enters his plea of not guilty by his correct name, Philip Goldberg, the name *Philup* Goldberg in one of the counts of the indictment is *idem sonans,* but the name Philip *Holdberg* in another count is not, and the defect may be reached by motion in arrest of judgment.

4. SAME—*motion in arrest of judgment reaches defects in indictment.* A motion in arrest of judgment will reach defects in an indictment the same as a motion to quash or a general demurrer, and it will open the entire record for examination and reach any defect apparent therein.

5. SAME—*what will be presumed when motion in arrest is not in writing.* Where a motion in arrest of judgment is not in writing it will be presumed every proper reason for arresting the judgment was presented to the court.

6. SAME—*when judgment must be reversed for misnomer of the defendant in one count.* Where one count of an indictment of fifty counts does not charge the defendant by his correct name but by a name which is not *idem sonans,* a judgment of conviction on all the counts, entered after the State's attorney had elected to ask a conviction upon all of the counts, must be reversed although the defendant is proved guilty.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Lake county; the Hon. DAVID T. SMILEY, Judge, presiding.

RICE, LOWES, O'NEIL & RICHARDS, (THOMAS MAR-
SHALL, and FRANCIS M. LOWES, of counsel,) for plaintiff
in error.

EDWARD J. BRUNDAGE, Attorney General, JAMES G.
WELCH, State's Attorney, and EDWARD C. FITCH, (E. V.
ORVIS, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Philip Goldberg, plaintiff in error, was indicted by the
grand jury of Lake county on February 21, 1917, charged
with selling intoxicating liquor in less quantities than one
gallon.   The indictment, containing fifty counts, was cer-
tified by the circuit court of said county to the county court
for trial.   Plaintiff in error pleaded not guilty, and also
filed a special plea setting up that he had been given im-
munity from prosecution of the charges made in the in-
dictment by an order entered by the circuit court of Lake
county March 26, 1917, on motion of the Attorney Gen-
eral of Illinois.   A demurrer was sustained to the special
plea.   At the close of the evidence plaintiff in error moved
to strike out the testimony of several witnesses, some be-
cause the proof did not clearly show the sales testified to
were made within eighteen months next preceding the date
of the return of the indictment, and some because the proof
did not clearly show the sale was of intoxicants.   Plaintiff
in error sought to prove that pursuant to an order of the
circuit court of Lake county he appeared before a grand
jury of said county on March 26, 1917, and being sworn
testified to facts and circumstances he said took place in De-
cember, 1916, whereby he and his father, at the solicitation
of the State's attorney of Lake county, paid the State's at-
torney $750 upon his promise that plaintiff in error would
not be prosecuted for the sale of liquor without a license.
This proof was not allowed.   No other proof was offered
by plaintiff in error.   The jury returned a verdict finding
plaintiff in error guilty on each of the fifty counts in the

indictment. The court entered judgment on the verdict and sentenced plaintiff in error to pay a fine of $50 on each of the fifty counts and sentenced him to serve ten days in jail on each of the last ten counts, making a fine of $2500 in all and one hundred days in jail. Motions for a new trial and in arrest of judgment were made by plaintiff in error and overruled by the court. On appeal to the Appellate Court for the Second District the judgment was affirmed. The case comes to this court by writ of error.

Plaintiff in error here contends that the court erred in refusing to admit the evidence of immunity offered, in refusing to strike out the testimony of certain witnesses and in the giving of two instructions. He also urges that the verdict is not supported by the evidence, and that the court should have granted the motion in arrest of judgment because one count in the indictment names as defendant Philip *Holdberg* and another names *Philup* Goldberg, neither of which, plaintiff in error claims, is *idem sonans* with Philip Goldberg.

It appears that the State's attorney of Lake county was under investigation by the grand jury in March, 1917, on a charge of bribery and that the investigation was under the control and direction of the Attorney General. That officer filed a petition in the circuit court for an order of immunity for plaintiff in error in order that he might appear before the grand jury and testify in said investigation. The order of immunity was asked because it appeared the evidence desired from the witness would tend to incriminate him upon the offense of bribery. The court entered an order releasing plaintiff in error from liability to be prosecuted or punished for or on account of any matter about which he should be required to testify in said investigation of the charge of bribery of the State's attorney. Plaintiff in error did thereafter appear and testify before the grand jury on said investigation. It was claimed on the trial of this case by counsel for plaintiff in error that the order of

immunity protected him from prosecution for the charges alleged in the indictment, and he offered in evidence a letter from the State's attorney to his (plaintiff in error's) father, Isaac Goldberg, dated December 15, 1916, saying he would like to see the father at his office December 18, at two o'clock. He also offered to prove that Isaac Goldberg called at the State's attorney's office as requested, and arrangements were made whereby plaintiff in error and his father later met the State's attorney at the Plaza Hotel, in Chicago, where the State's attorney demanded $1000 as the price for his not prosecuting plaintiff in error for selling liquor without a license; that the State's attorney there said there were about five hundred charges of that kind against plaintiff in error, each of which might carry a jail sentence and that heavy fines might be imposed; that plaintiff in error inquired what security he would have that he would not be prosecuted in the future, and the State's attorney replied he would see to that; that the State's attorney agreed to accept $750, which at his request was paid by the check of Isaac Goldberg, and the canceled check, indorsed by the State's attorney, was produced, also a check from plaintiff in error to his father of the same date and for the same amount; that the parties again met at the Plaza Hotel at the request of the State's attorney, where he demanded $500 more and stated others would have to be taken care of. This plaintiff in error refused to pay. The court sustained the State's objection to the introduction of all this testimony.

At the time these alleged transactions occurred plaintiff in error had not been indicted. The indictment against him was returned February 21, 1917, and in March, following, the immunity order was entered and he appeared before the grand jury to testify. In making the offer of proof plaintiff in error's counsel asked him if he testified before the grand jury and if he was asked any questions with reference to the indictment against him under which

he was being tried, and he answered yes. The immunity order was a complete protection to plaintiff in error against prosecution on account of anything he testified to about the bribery charge of the State's attorney. It did not purport to afford him any protection from prosecution for selling liquor without a license, but his counsel contend that in testifying on the bribery charge against the State's attorney he was required to testify about the charges against him in the indictment for selling liquor without a license, because the offenses set out in the indictment are the same offenses which were under discussion with the State's attorney and on account of which the money was paid him. The indictment was not the result of plaintiff in error's testimony before the grand jury, for it had already been returned before he testified. It was not necessary for the purpose for which he was required to appear before the grand jury that he testify about the truth of the offenses charged against him in the indictment, and there was no offer to prove that he did so testify. It was not attempted by the State, on the trial of this case, to prove any statements or admissions made by plaintiff in error in his testimony before the grand jury or that he had even testified before that body. In the investigation of the bribery charge it is obvious he might have been asked a question about the indictment the answer to which would have in no way tended to incriminate him on the charges therein made. The order protected him against prosecution on account of any testimony he might give on the subject of bribery of the State's attorney then being investigated but it did not protect him against prosecution for other offenses.

The effect of an immunity order under the bribery sections of the Criminal Code was considered by this court in *People* v. *Argo,* 237 Ill. 173. There immunity was granted Argo from prosecution on account of anything he should testify to before the grand jury, which was investigating a bribery charge against Mont Tennes for bribing police-

men to protect him in running certain gambling houses. Argo appears to have been connected with Tennes in some way in the business. When he was taken before the grand jury to testify he was asked many questions about gambling, gambling houses and boats which had a direct tendency to expose him to prosecution for gambling and keeping gambling houses. He refused to answer the questions and was sentenced to a fine and imprisonment for contempt of court. This court reversed the judgment and held the immunity order did not protect Argo from indictment and prosecution for any offense not expressed in the four sections of the bribery statute, and that he had a right to claim his constitutional privilege as to all questions which directly or indirectly tended to connect him with any offense other than those defined in the sections of the statute referred to. What was decided in the *Argo case* is equally applicable in this case and sustains the ruling of the court in refusing to admit the testimony offered. It was unnecessary to have specially pleaded the immunity, and it is not argued any error was committed by the court in sustaining the demurrer to that plea.

There were fifty counts in the indictment. Forty-eight of them charged Philip Goldberg with selling liquor in less quantities than one gallon, without a license. One count was against *Philup* Goldberg and one against Philip *Holdberg*. Plaintiff in error was convicted under the entire fifty counts, and it is argued it was error to enter judgment on the verdict against the plaintiff in error under all the fifty counts. The point is not well taken as to the count naming Philup Goldberg as defendant, as it was *idems sonans*. Plaintiff in error by his correct name as Philip Goldberg entered a plea of not guilty to the entire indictment.

Defendant in error insists the question as to the count against Philip Holdberg should have been pleaded in abatement or in some manner raised in the court below and that it was not so raised in that court. Plaintiff in error moved

in arrest of judgment, which motion was overruled, and it has been held that such motion will reach the defects in an indictment the same as a motion to quash or as a general demurrer, (*Kerr* v. *People* 42 Ill. 307; *Gardner* v. *People,* 20 id. 431;) and that in a criminal case a motion in arrest of judgment opens the entire record for examination and reaches any defect apparent therein. (*Gardner* v. *People,* 3 Scam. 83.) The motion in arrest was not in writing, but it was held in *Henning* v. *Sampsell,* 236 Ill. 375, where such a motion is not in writing it will be presumed every proper reason for arresting the judgment was presented to the court. Plaintiff in error, also, at the conclusion of all the evidence moved that the State be required to elect under what counts a conviction would be asked. The State, apparently without waiting for a ruling of the court on the motion, promptly elected to ask a conviction on all fifty counts of the indictment. The motion to require the State to elect afforded it an opportunity to dispense with the count against Philip Holdberg, but it did not choose to take advantage of the opportunity. True, in making the motion it was not specifically pointed out that the defendant named in one of the counts was not plaintiff in error, but counsel for the State had prepared the indictment and must be conclusively presumed to have known that plaintiff in error was named as defendant in only forty-nine of the counts. He pleaded not guilty to all the counts in which he was named as defendant. The jury found him guilty under all those counts and also under one count charging another defendant with the offense. If the court could overrule the motion in arrest and render judgment against the defendant on the fifty counts when he was named as defendant in only forty-nine of them, it could have done the same thing if he had been named as defendant in twenty-five counts and Holdberg had been named defendant in the other twenty-five. The point was properly raised by the motion in arrest.

It is contended by the State that as many of the witnesses pointed out plaintiff in error during the trial and said he was the man they bought intoxicating liquor from, the judgment should not be reversed because of the one count against Holdberg; that plaintiff in error was clearly proven guilty of the fifty charges, and that if the judgment is reversed on that account, under the decision in *People* v. *Gaul*, 233 Ill. 630, the entire judgment must be reversed and that injustice would be done the State, as it is contended none of the other errors assigned would require a reversal of the judgment. We think this is probably true. One instruction given for the People was palpably erroneous but possibly was not of such prejudicial effect as to require a reversal. This court is desirous that justice may be done to both parties in all cases, but the forms and requirements of law must be regarded in the administration of justice, and if the officers charged with the duty of protecting the interests of the People in the enforcement of the criminal law choose to name two different parties defendant in different counts of the same indictment and ask and secure a verdict of guilty against one defendant named under all the counts in the indictment, contrary to good pleading and the law, this court cannot sustain the judgment on the ground that the defendant convicted was proven guilty of all the charges in all the counts of the indictment and would have been found guilty if he had been named as defendant in all of them. It would have been a simple matter for the State to have *nollied* the count against Holdberg and the situation then would have been relieved of the difficulty. In the condition the record is in we cannot, without disregarding the law, affirm this judgment but are compelled to reverse it.    *Reversed and remanded.*