## The People of the State of Illinois, Defendant in Error, v. Conrad Blenz and Cal Anderson, Plaintiffs in Error.

### Gen. No. 7,896.

1. Criminal procedure—*propriety of taking to jury room liquor in evidence in prosecution under Prohibition Act.* It was error, in a prosecution under the Prohibition Act, to take to the jury rooms with the jury liquors taken by officers on search warrants and introduced in evidence.

2. Searches and seizures—*issuance by justices of the peace under Prohibition Act.* It is within the power of a justice of the peace to issue a search warrant under the Prohibition Act, Cahill's St. ch. 43, ¶ 30.

3. Searches and seizures—*failure of complainant to designate officer for service as invalidating warrant.* Search warrants issued pursuant to the Prohibition Act, Cahill's St. ch. 43, ¶ 30, are not so

defective as to require suppression of the evidence procured thereunder, although the record does not show that the complaining witness designated any particular officer to serve the writs, where the same were in fact directed to recognized peace officers.

4. CRIMINAL PROCEDURE—*sufficiency of verdict finding one of defendants jointly indicted guilty on all counts and other guilty on some counts.* Where defendants jointly indicted for violations of the Prohibition Act were tried upon fifteen counts, a conviction of one defendant upon the first six counts and of the other upon the fifth and sixth counts will not stand, different defendants upon different charges having been tried in the same cause and upon the same indictment.

5. CRIMINAL PROCEDURE—*necessity of reversal of conviction of defendants jointly indicted but severally found guilty on different counts.* Where defendants jointly indicted for violations of the Prohibition Act were tried upon fifteen counts, and one was convicted upon the first six counts and the other upon the fifth and sixth counts, the judgment must be reversed although the separate sentences as to each defendant upon such fifth and sixth counts were in proper form.

Error by defendants to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed December 31, 1925.

REDMON & REDMON and WHITLEY & FITZGERALD for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, C. F. MANSFIELD and MERRILL F. WEHMHOFF, Assistant Attorneys General, CHARLES F. EVANS, State's Attorney and A. R. IVENS, Assistant State's Attorney, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Plaintiffs in error were jointly indicted for violation of the Prohibition Law. There were nineteen counts in the indictment. The court sustained a motion to quash the last four counts and plaintiffs in error were tried upon the first fifteen counts and there

was a verdict of guilty as to plaintiff in error Blenz upon the first six counts of the indictment and a verdict of guilty as to plaintiff in error Anderson upon the fifth and sixth counts of the indictment. A motion for a new trial was overruled and plaintiffs in error were severally convicted and sentenced by the court, in accordance with the verdict, upon the several counts in the indictment. The record is brought to this court by a writ of error for review.

Various liquors taken by the officers upon search warrants were introduced in evidence and taken by the jury to the jury room. This was error. *People v. Elias,* 316 Ill. 389. The search warrants in this case were issued by a justice of the peace upon sufficient affidavits submitted, and it is contended by plaintiffs in error, in pursuance of a motion submitted before the trial to suppress certain evidence, that a justice of the peace has no jurisdiction to issue search warrants under the Prohibition Act, inasmuch as the statute provides: ''Whenever complaint is made in writing, verified by affidavit, to *any judge* having cognizance of criminal offenses,'' etc. [Cahill's St. ch. 43, ¶ 30], and from this it is argued that justices of the peace, having no power to order the liquor destroyed or to try cases and impose jail sentences, are therefore without power to issue these writs under the statute. Justices of the peace have jurisdiction to issue warrants, upon proper complaints made, in all cases, misdemeanors and felonies, and to sit as examining magistrates, and, upon probable cause appearing, to bind over persons charged with crime to the grand jury. The word ''cognizance'' in law means ''the exercise of jurisdiction, the taking of authoritative notice as of a cause,'' and inasmuch as the Prohibition Act defines the term ''judge'' to include justices of the peace and police magistrates, we think there can be no question but that it is within the jurisdiction of

justices of the peace, both by intendment and the letter of the Act, to issue such writs.

It is further contended by plaintiffs in error that the warrants were insufficient in the case at bar for the reason that the statute directs that the warrant be directed to any peace officer, "whom the complainant may designate," and in this case there is no record that the complaining witness designated any particular officer to serve the writs. There were two writs issued, one directed to W. A. Underwood, sheriff of Macon county, and the other directed to W. A. Underwood, who was the sheriff of Macon county. The court did not err in denying plaintiffs in error's motion to suppress the evidence. However, the verdict and judgment of conviction in this case cannot be permitted to stand either as to form or substance. Plaintiffs in error were indicted jointly as to certain offenses. The jury found both defendants guilty on the fifth and sixth counts and plaintiff in error Blenz guilty on the first four counts, and plaintiff in error Anderson not guilty on the first four counts. In other words, Blenz has been tried and convicted separately upon counts with which the jury and the court have said Anderson had nothing to do. Different defendants upon different charges have been tried and convicted in the same cause and upon the same indictment. This, the law does not permit. (*Baker v. People,* 105 Ill. 452; *People v. Hallam,* 149 Ill. App. 386.)

The cases cited by defendant in error as to concert and agreement by defendants in the commission of offenses are not in point. The jury have found that there was no concert or agreement between the defendants in the case at bar in the commission of the offenses charged in the first four counts of the indictment. The separate sentences as to each defendant upon the fifth and sixth counts are in proper form (*Miller v. People,* 47 Ill. App. 472), but this court is not permitted to affirm the judgment as to certain

counts and reverse as to other counts. The judgment is a unit. (*People v. Gaul*, 233 Ill. 630; *People v. Powers*, 200 Ill. App. 545; and *People v. Goldberg*, 210 Ill. App. 430.) Upon a remand of the case the State's Attorney may *nolle pros.* such counts of the indictment as the testimony tends to show the defendants engaged in separately.

For the errors pointed out, the judgment of the circuit court of Macon county is reversed and the cause remanded.

*Reversed and remanded.*