**The People of the State of Illinois, Defendant in Error, v. Christ Pederson, Plaintiff in Error.**

**Gen. No. 7,749.**

464

Opinion filed April 11, 1928.

Jack E. Bairstow, for plaintiff in error.

Ashbel V. Smith, State's Attorney, for defendant in error.

Mr. Justice Jones delivered the opinion of the court.

An information consisting of four counts was filed in the county court of Lake county against plaintiff in error, Christ Pederson. The first count charged that on August 10, 1927, he possessed intoxicating liquor with the intent to sell and use the same in violation of the provisions of the Prohibition Act, Cahill's St. ch. 43, ¶ 1 *et seq.* The second count contained the same charge, except that the date of the alleged offense was laid on November 4, 1926. The other two counts, charging unlawful sales, were *nolle prossed.* Plaintiff in error was convicted on said first and second counts. He was sentenced to 90 days' imprisonment on the first count and to pay a fine of $100 on the second count.

The court did not err in overruling a motion to quash the search warrants on the ground that they had been issued by a justice of the peace. That precise question was, in our judgment, properly decided contrary to the contention of plaintiff in error in *People v. Blenz,* 239 Ill. App. 318.

It is contended that the search warrants were void because they were based upon insufficient affidavits. Section 29 of the Prohibition Act, Cahill's St. ch. 43, ¶ 30, provides that the affidavit shall state the facts upon which the affiant bases his belief that intoxicating liquor is unlawfully possessed or sold. The state-

ment contained in the affidavits in the case at bar is, "that intoxicating liquor is possessed and sold there in violation of the law." The language states a charge but no fact to base it on. It does not disclose what grounds the affiant had for making it or believing it. (*People v. Martin,* 314 Ill. 110.)

A complaint must state the facts upon which the affiant bases his belief that an offense has been committed, and the facts so stated must show just and reasonable grounds for such belief. (*People v. Billerbeck,* 323 Ill. 48.) The facts must be stated with sufficient definiteness so that if they are false, perjury may be assigned on the affidavit. (*People v. Elias,* 316 Ill. 376.) Our conclusion is that the affidavits were insufficient and the search warrants issued thereunder were void and should have been quashed. For the reason we have given, it was error to admit the evidence obtained by reason of the search warrants.

The charges in this case are grounded on section 28 of the Prohibition Act, Cahill's St. ch. 43, ¶ 29, and not on section 3 of the act, Cahill's St. ch. 43, ¶ 3. Under the charges made by the information, it was necessary to prove that the defendant intended to sell the intoxicating liquor in violation of law. No evidence was offered even tending to establish that intent, unless it can be said that mere possession of intoxicating liquor tended to prove it.

Possession of intoxicating liquor, if unauthorized, will offend against section 3, but, if authorized, as the act provides, will not violate that section. The possession of intoxicating liquor to constitute an offense under section 28, Cahill's St. ch. 43, ¶ 29, must be with the intent to use it in violation of the act. If that intent exists, it makes no difference whether the possession is lawful or unlawful. The intent to sell or unlawfully dispose of the liquor is the gist of the offense under section 28. (*People v. Barnes,* 314 Ill. 140.) Unless the intent is both averred and proved,

there can be no conviction under that section. (*People v. Martin, supra.*) To the same effect is *People v. Peiscz,* 226 Ill. App. 363.

An offense under section 28, Cahill's St. ch. 43, ¶ 29, was charged in the information and it now becomes necessary to examine the record to see if there is proof of an intent to sell. It is admitted that the possession of the liquor was unlawful and in violation of section 3 of the Prohibition Act, Cahill's St. ch. 43, ¶ 3, but the defendant denied on oath that he had ever sold any of it or intended to sell any of it. He testified that he kept it for family use only. If his testimony was true, and believed by the jury, it constituted a complete defense to the charges brought under section 28, Cahill's St. ch. 43, ¶ 29. But the trial court took the position that mere possession of intoxicating liquor tended to prove an intent to sell or dispose of it contrary to law, and that no matter if the defendant denied such intent, a prima facie case nevertheless existed against him because of the provisions of section 40 of the act, Cahill's St. ch. 43, ¶ 41.

The fourth instruction on behalf of the People is in the language of that section and advised the jury that possession of intoxicating liquor by any person not authorized to possess it shall be prima facie evidence that such liquor is kept for the purpose of being sold, etc. In *People v. Beck,* 305 Ill. 593, the Supreme Court approved a similar instruction, but in that case the defendant was charged with unlawfully possessing intoxicating liquor contrary to the statute. There was no charge that such possession was with an intent to sell or use it in violation of any law. There is no apparent reason for an application of the provisions of section 40, Cahill's St. ch. 43, ¶ 41, to a prosecution brought under section 3, Cahill's St. ch. 43, ¶ 3, as the latter section does not deal with sales, or with any use of intoxicating liquor but with possession only.

Section 40, Cahill's St. ch. 43, ¶ 41, does not make the possession of intoxicating liquor prima facie evidence that such possession is unlawful, but makes the unauthorized possession of it prima facie evidence that such liquor is kept for the purpose of being disposed of in violation of the provisions of the act. (*People v. Martin, supra.*) That is to say, where unauthorized possession is shown in a prosecution under section 28, and no evidence is offered to justify or excuse it, such possession makes a prima facie case of an intent to dispose of the liquor contrary to law. But where proof is offered tending to rebut the presumption, the prima facie case vanishes, and the jury must determine from the whole evidence whether or not the guilt of the accused has been proven as charged beyond all reasonable doubt.

In this case there was testimony offered denying any intent to unlawfully dispose of the liquor. When that evidence was produced, the prima facie case disappeared and no instruction should have been given as to what constitutes a prima facie case or what is its effect. (*People v. Tate,* 316 Ill. 52; *Johnson v. Pendergast,* 308 Ill. 255; *Grosh v. Acom,* 325 Ill. 474; *People v. Sikes,* 328 Ill. 64.)

For the errors above pointed out, the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*