(No. 22811.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY PAMILIO, Plaintiff in Error.

*Opinion filed February 21, 1935—Rehearing denied April 5, 1935.*

610

BENJAMIN H. VANDERVELD, (AARON M. HOMEL, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

A jury in the criminal court of Cook county returned a verdict finding Tony Pamilio guilty of robbery with a gun. He had been indicted and tried with Victor Musso and William Burke for the robbery of George Pappas on July 19, 1933, in Chicago. The indictment contained a count charging Pamilio to be an habitual criminal. The jury found that he had been previously convicted of larceny, with a result that he was sentenced to prison for life. He brings the case here for review by writ of error.

It is claimed that the evidence afforded an insufficient foundation for the verdict. Pamilio cannot urge this on review, as his motion for a new trial is contained in the common law record and not in the bill of exceptions. (*People v. Buckman,* 357 Ill. 407.) The motion for leave to supply this omission is denied, as a copy thereof was not served on opposing counsel in accordance with rule 49 of this court.

The indictment is complained of on the ground that the second count, relating to the Habitual Criminal act, (Smith's Stat. 1933, chap. 38, pars. 602, 603,) sets forth conclusions of the pleader as to a prior judgment of conviction. It is urged that this count should have set forth *in hæc verba* the placita, showing what judge presided at the trial when the judgment was entered and that the court was in open session and legally constituted for the transaction of business. It appears, however, that Pamilio failed to attack the sufficiency of that count prior to trial by a motion to quash. This failure precludes him from raising that question by a

motion in arrest of judgment. A contrary expression has been cited to us in the case of *People* v. *Goldberg,* 287 Ill. 238, wherein it was held that a motion in arrest of judgment opened the entire record for examination, reaching any defect apparent therein, but in the more recent case of *People* v. *Glassberg,* 326 Ill. 379, we held that under section 9 of division 11 of the Criminal Code (Smith's Stat. 1933, chap. 38, p. 1101,) all exceptions going merely to the form of the indictment should be taken before trial, and that no motion in arrest of judgment, or writ of error, will be sustained unless it affects the real merits of the offense charged. An attack upon allegations because they lack particularity is a technical one and should be taken advantage of by a motion to quash. (*Young* v. *People,* 193 Ill. 236.) In *People* v. *Garkus,* 358 Ill. 106, it was contended that the indictment did not sufficiently describe the property stolen. We there held that Garkus was in no position to take advantage of this on review, as he had failed to enter a motion to quash and his motions for a new trial and in arrest of judgment did not set forth this particular ground. The *Glassberg* and *Young cases* were cited in support of this doctrine. We must therefore hold that in view of the provisions of section 9 of division 11 of the Criminal Code, and of the later expressions of this court in the *Glassberg* and *Garkus cases,* the rule stated in *People* v. *Goldberg, supra,* no longer obtains in this State. In the absence of a prior motion to quash, the rule now is that an oral motion in arrest of judgment will not permit this court to inquire into the sufficiency of the indictment unless the defect pointed out touches the real merits of the offense charged. In the present case the evidence offered in support of the judgment of prior conviction was introduced by stipulation between the People and Pamilio. By this act the existence of the matters set forth in the second count was admitted. The objection of Pamilio to that count goes merely to a matter of form not touching upon

the real merits of the case and therefore is not reviewable by this court.

It is further complained that Pamilio has been unduly prejudiced by the fact that he was tried with Burke and Musso. But this objection comes too late. The record shows that he went to trial without asking for a severance of his case from that of Musso and Burke. A motion for separate trial is addressed to the sound discretion of the trial court, and its denial will not be reviewed by this court unless there has been an abuse of that discretion. (*People* v. *Hotchkiss*, 347 Ill. 217; *People* v. *Blumenfeld*, 351 id. 87.) One cannot say that the trial court abused its discretion when it was not asked to exercise it.

The judgment is affirmed. *Judgment affirmed.*