(No.. 35944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PRESTON CLAIBORNE, Plaintiff in Error.

*Opinion filed January 23, 1962.*

THOMAS M. HIURA, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Preston Claiborne and Arizono Minor were indicted in the criminal court of Cook County for robbery and armed robbery. After Claiborne had waived his right to trial by jury, the parties agreed that both defendants would be tried at the same time. The trial judge found Claiborne guilty of robbery and a jury found Minor guilty of robbery. Each defendant was sentenced to not less than five nor more than ten years confinement in the penitentiary. The judgment convicting Claiborne is now before us on writ of error.

Defendant argues that there was insufficient evidence to justify a finding that he participated in the crime. Since the facts concerning the robbery are stated in *People* v. *Minor,* 20 Ill.2d 496, we will only mention those tending to connect Claiborne with the offense. Wade Batteast, the victim of the robbery, testified that he was seated in a bus when Claiborne and Minor entered it. Claiborne sat behind him and Minor sat next to him. A "sharp point" was placed at Batteast's neck and he was searched from behind while Minor took his wallet containing about $40 from his left rear pocket. Batteast had ample opportunity to observe both men. While he did not turn around during the search, he testified that Claiborne was the only person behind him. Claiborne and Minor left the bus together and were later apprehended while waiting for another bus. We are of the opinion that the trial court, as trier of fact in this case, properly concluded from this evidence that defendant participated in the crime. *People* v. *Torres,* 19 Ill.2d 497; *People* v. *Rybka,* 16 Ill.2d 394; *People* v. *Brendeland,* 10 Ill.2d 469.

It is also argued that Batteast's testimony is inherently improbable and contains inconsistencies which raise a doubt as to its credibility. The same assertions were advanced against this testimony on review of Minor's conviction and we found after carefully reviewing Batteast's testimony

that it was positive and credible. *People* v. *Minor,* 20 Ill.2d 496.

The record is sufficient to sustain the conviction and the judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*