**People of the State of Illinois, Plaintiff-Appellee, v. Charles Raymond Thomas, Defendant-Appellant.**

**Gen. No. 50,971.**

First District, Third Division.

February 16, 1967.

Warren D. Wolfson, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John William Crilly, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was tried by jury and found guilty of rape and burglary. He was sentenced to serve from 5 to 15 years in the penitentiary on each count, the sentences to run concurrently. On appeal he raises the following points: (1) the State did not prove the charge alleged in the indictment, since there was a material variance between the date of the crime as charged and the date proved; (2) prejudicial error was committed in the giving of certain instructions to the jury; and (3) the evidence did not prove defendant guilty beyond a reasonable doubt.

The evidence shows that the rape occurred during the early morning hours of July 25, 1964. The complaining witness Mrs. Susan Weist was asleep in her apartment while her husband was working on a night shift. The Weist children were sleeping in another room. At about 2:00 a. m. she was awakened by a man putting his hands on her, choking her, and saying, "Don't scream, Dorothy, or your life will be in your hands." She testified that the attacker kept choking her with one hand while he held her arm down with his other hand; that he forced her to remove her undergarment and that he then proceeded to have intercourse with her. Her assailant then tied her hands, gagged her and had intercourse with her twice more. After that he took $8 from her purse and while preparing to leave, turned on a light. This enabled Mrs. Weist to get "a good look" at him. After he left, she worked the gag from her mouth and screamed for help. Mrs. Josephine O'Conner, an upstairs neighbor, came down and found the complaining witness naked, with her hands tied behind her back and a belt around her throat. Mrs. O'Conner testified that shortly after returning from work at about 1:00 a. m., she saw a man walk across the backyard and start up the stairs. The yard was illuminated by a floodlight enabling the witness to observe the man's features. Police officers brought defendant to the apartment building the next day, at which time Mrs. Weist identified him as the rapist and Mrs. O'Conner identified him as the person she had seen in the backyard. They later selected the defendant from a lineup at police headquarters.

On Point 1, defendant relies on an alibi. He called three alibi witnesses who testified to being with him in a restaurant a half block from the scene of the crime during the early morning of July 25th. One of the three witnesses, Lawrence O'Conner, was the brother-in-law of Mrs. Josephine O'Conner, the State's witness. In ad-

dition to testifying that he was at the restaurant with defendant on the night in question, he said that he went to Mrs. O'Conner's home to deliver a message and at that time observed a man outside the Weist apartment and that the man was not the defendant. Mrs. O'Conner was called in rebuttal and testified that she did indeed see her brother-in-law at about 1:15 a. m., but that he did not mention anything to her about seeing a prowler near the Weist apartment.

■ The first contention is that the Assistant State's Attorney mistakenly referred to the time of the crime as the "evening of July 25th" at least six times while questioning the complaining witness and that the jury must have been confused by this discrepancy, particularly since the defense was an alibi and the alibi witnesses testified to events of the *early morning* of July 25th. Defendant does not contend that the crime occurred at a time other than that alleged in the indictment. The issue is solely whether the inadvertent errors in the questions asked by the prosecutor misled the jurors as to the time of the crime and destroyed the value of the alibi testimony. Such inconsistencies or mistakes in dates occur in almost every trial and do not warrant reversal. There was no doubt or dispute as to the date on which the offense occurred, and the jurors could not have been confused on that point. The alibi witnesses testified to events of the early morning of July 25th and both attorneys concurred in the closing argument, placing the event at 2:00 a. m. on July 25th. We are of the opinion that the error was not material.

In his second point defendant challenges two instructions given to the jury. He contends that defense counsel was not apprised of the State's instruction No. 15, dealing with the amount of resistance expected of a person threatened with bodily harm, until it was read to the jury. The instruction appears in the record and bears

the notation, "obj. overruled. Given." Defendant contends that, contrary to the notation on the instruction, counsel was not given an opportunity to object to the instruction, nor was the question considered during the conference on instructions. The record reveals, however, that defendant submitted an instruction covering the same issue, defense instruction No. 10, which was given over objection, and the dialogue concerning the defense's instruction indicates that the issue of resistance was fully discussed and considered.

██ Defendant further contends that State's instruction No. 3 was prejudicial in that it covered matters not alleged in the indictment. He failed, however, to object to the instruction during the trial. Where the defendant fails to object to an instruction and upon review no substantial defect appears, the issue is not preserved for appeal. People v. Cavaness, 21 Ill2d 46, 171 NE2d 56; People v. Minor, 20 Ill2d 496, 170 NE2d 555. The criticism of this instruction is hypertechnical, and if error was committed, it is harmless.

██ ██ We proceed to the final point, that the evidence did not prove defendant guilty beyond a reasonable doubt. The victim was found naked and bound. There is no question but that the crime of rape was committed. The complainant identified defendant as her attacker and Josephine O'Conner identified him as the man she observed from her rear window prior to the crime. The testimony of the alibi witnesses located defendant one half block from Mrs. Weist's apartment during the early morning hours of July 25, 1964. The evidence discloses ample basis for the finding of guilty beyond a reasonable doubt.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.